A89A0868. COXWELL TRACTOR & EQUIPMENT SALES, INC. et al. v. BURGESS.
(385 SE2d 753)

POPE Judge.

Wallace M. Burgess entered into an employment agreement with Coxwell Tractor & Equipment Co., Inc. Pursuant to the terms of the agreement Burgess was entitled to a two-week paid vacation each year after one year of employment and was to be paid for thirty days beyond the date of notice of termination of the agreement by either party. Some two years after the date the agreement was signed the

employer gave Burgess written notice of immediate termination. Burgess filed a complaint against the corporation and its sole shareholder James L. Coxwell, Sr., alleging, inter alia, he was owed additional wages for the thirty-day period after notice of termination as well as for accrued vacation days. Coxwell and the corporation counterclaimed for funds Burgess allegedly owed the corporation. Partial summary judgment was entered in favor of Burgess on his claims for wages and, in response to Burgess' request, the trial court entered final judgment on the amount awarded by the grant of partial summary judgment. On appeal Coxwell and the corporation assert that the court erred in granting summary judgment against Coxwell, individually, and in entering final judgment on the award because the counterclaim against Burgess for set-off is still pending.

1. We agree the court erred in granting partial summary judgment as to wages owed against James L. Coxwell, Sr., individually. The contract of employment states on its face that it is made and entered into by and between Burgess and Coxwell Tractor & Equipment Co., Inc.[1] The agreement was signed on behalf of the corporation "By: /s/ James L. Coxwell, Sr. 'Employer.'" At deposition Coxwell testified that he signed the agreement as president of the corporation. Consequently, the corporation and not Coxwell, individually, owes Burgess wages under the employment agreement. The grant of partial summary judgment is affirmed as to the corporate defendant but reversed as to Coxwell, individually.

2. The court did not err or abuse its discretion in entering final judgment on the award of partial summary judgment to Burgess even though the corporation's counterclaim for set-off is still pending. Even in regard to a compulsory counterclaim the trial court may, in its discretion, order a separate trial as to the counterclaim. OCGA § 9-11-13 (i). The statute that authorizes the trial court to enter final judgment as to fewer than all claims in an action expressly applies to both claims and counterclaims. OCGA § 9-11-54 (b). Even though the corporation set forth its counterclaim as a set-off to any award which might be entered in favor of Burgess, a set-off is a claim for affirmative relief and is not a defense. *T. V. Tempo v. T.V. Venture,* 182 Ga. App. 198 (1) (355 SE2d 76) (1987). The corporation's right to pursue its claim against Burgess has not been compromised since it may still pursue its claim for affirmative relief upon remittitur of the appeal to the trial court.

*Judgment affirmed in part and reversed in part. Banke, P. J., and Sognier, J., concur.*

---

[1] According to the deposition testimony of James L. Coxwell, Sr., defendant Coxwell Tractor & Equipment Sales, Inc., is the same entity as Coxwell Tractor & Equipment Co., Inc., which entered into the employment agreement.

Decided September 5, 1989.

*Greene & Davis, Laurie C. Davis*, for appellants.
*Alembik, Fine & Callner, Harry J. Winograd*, for appellee.