S91A1600. DENISE v. PAXSON et al.
(413 SE2d 433)

BENHAM, Justice.

Appellees sold a condominium to Denise, taking back a security deed which contained a requirement that Denise "pay all taxes and assessments that may be liens on said property, as they become due." A notice of federal income tax liens was later filed and appellees sought to foreclose, contending that the attachment of the lien constituted an act of default. In Denise's action to enjoin the foreclosure, the trial court agreed with appellees that any tax lien would constitute an act of default.

The dispositive issue in this case is whether "all taxes and assessments that may be liens on said property" includes federal income tax. Appellees insist that the language of the security deed is plain and unambiguous and cannot be construed to mean other than that any tax lien on the property constitutes an act of default. We disagree. Tax liens arise in various ways at various times, depending on the particular tax on which the lien is based. For instance, ad valorem taxes are a lien on the property from the time of assessment (*Decatur County B. & L. Assn. v. Thigpen*, 173 Ga. 363 (2) (160 SE 387) (1931)), but a federal income tax lien only comes into existence after the IRS, having determined that taxes are due and unpaid, makes demand for payment (see 26 USCA §§ 6321-6323). Thus, liability for

---

unpaid federal income tax may be the basis for creation of a lien, but the tax liability itself is not a lien in the sense that ad valorem taxes are. It is appropriate, therefore, to draw a distinction between taxes which themselves constitute a lien on property and taxes on which a lien may be based. Since such a distinction may be drawn, the language of the contract is not so plain and unambiguous as appellees assert, and some construction of the contract language is appropriate.

"In the construction of a contract the important thing is to ascertain the intention of the parties, and to this end the whole contract must be considered." *Hull v. Lewis*, 180 Ga. 721, 724 (180 SE 599) (1935). See also OCGA § 13-2-2 (4). Looking beyond the few words on which appellees rely, it is abundantly clear that the paragraph which contains that language is intended to require the grantor of the deed to secure debt to protect the interest of the grantee. The provisions of that paragraph require the grantor to keep the property in good condition, not to remove or change any permanent structures without permission, to pay when due all taxes that may be a lien on the property, and to keep the property insured against fire. From the placement of the tax-payment requirement in that paragraph, it is abundantly clear that the purpose of the requirement was to prevent the creation of a lien which would, by virtue of higher priority, threaten the grantee's interest under the deed to secure debt.

We conclude, therefore, that in the context of the deed to secure debt at issue in the present case, the only taxes which the grantor must pay in order to avoid defaulting on the deed are those which constitute a lien on the property superior to the grantee's deed to secure debt. Ad valorem tax fits within that definition because the lien for that tax has priority over the interest of the grantee of a deed to secure debt. OCGA § 48-5-28 (a); *Ravenwood Church of Wicca v. Starbright, Inc.*, 168 Ga. App. 870 (1) (310 SE2d 582) (1983). Federal income tax liens, on the other hand, do not take priority over previously recorded security deeds. *United States v. Pioneer Am. Ins. Co.*, 374 U. S. 84 (83 SC 1651, 10 LE2d 770) (1963). It follows, then, that federal income tax does not come within the meaning of "all taxes and assessments that may be liens on said property" as that phrase is used in the deed to secure debt at issue here. We note that to rule otherwise would put every grantor of a security deed who is also a federal taxpayer at an unreasonable risk: if that taxpayer engages in a dispute with the IRS, during which dispute the IRS places a tax lien on the taxpayer's real property, an unscrupulous person could buy the mortgage, declare the deed in default, and foreclose.

Since, as we have concluded, federal income tax is not included in the phrase, "all taxes and assessments that may be a lien on said property," the attachment of a federal income tax lien did not constitute an act of default authorizing appellees to exercise the power of

sale in the deed to secure debt executed by Denise. The trial court's ruling to the contrary cannot, therefore, be a valid ground for refusing to enjoin the foreclosure instituted by appellees.

*Judgment reversed. Clarke, C. J., Weltner, P. J., Bell, Hunt and Fletcher, JJ., concur.*

DECIDED FEBRUARY 6, 1992.

*Gerber & Gerber, Sanford J. Gerber,* for appellant.
*Phears & Davis, Steve J. Davis, Mark Ford,* for appellees.