A92A0449. WOJCIK v. LEWIS.
(419 SE2d 135)

BEASLEY, Judge.

Plaintiff Wojcik appeals from a verdict directed in favor of defendant Lewis in a suit for breach of contract.

Lewis was chairman of the board of directors and stockholder of Uniglobe Southeast Travel, Inc. ("Uniglobe SE"), a Georgia corporation, which was a franchise covering a number of southern states of a travel agency business named Uniglobe International, Inc. Through a mutual friend in Ohio, Lewis met Wojcik and after discussions offered him the job of regional president of the Uniglobe Southeast territory.

After additional negotiations Wojcik accepted Lewis' offer and drew up a document captioned "LETTER OF UNDERSTANDING between Morris Lewis III & William L. Wojcik."

The Letter of Understanding listed the matters that Lewis and Wojcik had discussed pertaining to Lewis' desire to have Wojcik become regional president of Uniglobe SE. It provided for compensation; automobile; moving expenses; down payment for a house to be loaned by Lewis; the assistance of Lewis in obtaining home financing from his banking contacts; and the authority to run the business so long as Wojcik did not act in a manner detrimental to the best interests, good name, reputation or well being of Lewis or the business.

The last paragraph set forth the terms of the agreement as being "for a period of not less than three years." It added: "The conditions of the Letter of Understanding shall be able to be changed by mutual consent between the parties of William L. Wojcik and Morris Lewis III. In the unlikely event William L. Wojcik gives cause to Morris Lewis III to desire to terminate this agreement, then such cause shall be brought to the attention of Uniglobe International and they shall act as arbitrator between both William L. Wojcik and Morris Lewis III." The letter was signed by both men on June 20, 1987. No written employment contract with the corporation was entered into.

Wojcik sued on July 15, 1988, asserting that Lewis wrongfully breached the contract represented by the Letter of Understanding in unilaterally terminating his employment and failing to honor its terms during the course of his employment. His trial testimony showed that he began working for Uniglobe SE on a full-time basis in September of 1987, but almost immediately began having problems with Lewis due to his interference with day-to-day affairs which affected the performance and morale of the other employees and forced Wojcik to spend a disproportionate amount of time trying to rectify. Although attempts were made to restore the discretion and authority Wojcik needed to operate the business, Lewis resumed his constant interference. On May 13, 1988, Lewis fired Wojcik effective immediately and ordered him not to discuss the circumstances of the firing or to have any further contact with anyone at Uniglobe SE.

Lewis moved for summary judgment and later for directed verdict on the grounds that (1) the Letter of Understanding was an incomplete and therefore unenforceable contract; (2) the agreement was terminable at will because it was for an indefinite period of "not less than three years"; (3) the arbitration provision in the agreement had been satisfied, which authorized him to terminate Wojcik because the conditions of the agreement had been fulfilled; and (4) he had acted as an agent for a disclosed nonparty corporation, thereby relieving him of any personal liability under the letter.

The court ascertained that from the letter it was clear Wojcik

knew he was going to work as the president and an employee of Uniglobe SE; that all of his salary was paid to him on a corporate bank account of Uniglobe SE; that Uniglobe SE's name was on his office door; and that Lewis had loaned Wojcik $34,800 to be used as a down payment on a house in Atlanta. The court concluded as a matter of law that where it is clear and undisputed that a contracting party such as Wojcik knows that he was contracting to provide services for a corporation, there are no issues of fact for a jury to determine as to whether a corporation, rather than an individual agent, is liable for any alleged breach of the contract; and that under the circumstances there were no issues of fact precluding the conclusion that the agent, Lewis, was not liable.

Wojcik contends that the court erroneously directed a verdict on the basis that Lewis acted as an agent for a nonparty corporation, thereby relieving him of personal liability for breach of the Letter of Understanding.

1. Lewis contends that even if there was a valid contract of employment, it was unenforceable because the period of employment was for an indefinite period of time and therefore terminable at will by either party. While this is a true statement of the law, OCGA § 34-7-1, it is not controlling. The contract specified that the term of Wojcik's employment was to be "for a period of not less than three years," and his testimony showed that had he not been guaranteed this length of time to try to turn the business around he would not have agreed to give up his employment in Ohio and relocate to Atlanta. The line of cases cited by Lewis involves situations where "[i]n [the] absence of a controlling contract between the parties, employment for an indefinite period — a 'permanent job' — is terminable at the will of either party, and a discharge in such circumstances affords no cause of action for breach of contract. [Cits.]" *Land v. Delta Air Lines,* 130 Ga. App. 231 (203 SE2d 316) (1973). The time from the commencement of Wojcik's employment until the end of three years is a certain period of time, Wojcik was terminated before the end of that period, and he did not claim any rights beyond that period.

We adhere to the legal principle espoused in *Milton v. Bank of Newborn,* 30 Ga. App. 55, 58 (116 SE 861) (1923): " ' "The parties to a contract which is wholly executory have a right to the maintenance of the contractual relations up to the time for performance, as well as to a performance of the contract when due." ' " As recently explained in *Barker v. CTC Sales Corp.,* 199 Ga. App. 742, 743 (1) (406 SE2d 88) (1991), "*Milton* involved a contract of employment for a specific and definite term, and thus in *Milton* the employee's discharge because of the employer's insolvency prior to the expiration of that term was actionable." Accord *Marshall v. W. E. Marshall Co.,* 189 Ga. App. 510

(1) (376 SE2d 393) (1988), where a contract for a one-year period was held not to become terminable at will until after the expiration of that period. Wojcik was not foreclosed from bringing an action on the contract.

2. OCGA § 10-6-87, the agency statute upon which Lewis and the trial court relied, recites: "Where the agency is known and the credit is not expressly given to the agent, he shall not be personally responsible upon the contract. The question to whom the credit is given is a question of fact to be decided by the jury under the circumstances in each case." It appears that the court did not consider the second sentence of the statute and the cases applying it.

"[A]n agent who makes a contract without disclosing that he is acting as an agent or without identifying his principal, or an agent who makes a contract with the express or implied understanding with the other party that he is binding himself individually, will become individually liable on the contract. . . . If the agent would avoid personal liability, the duty is on him to disclose his principal, and the agent is individually liable if he fails to disclose his agency and the identity of his principal. [Cits.] Whether or not the fact of the agency and the identity of the principal were disclosed or known to the other contracting party is a question of fact which may be shown by direct or circumstantial evidence. [Cit.] And to relieve himself of personal liability the agent ordinarily has the burden of proving by direct or circumstantial evidence the fact of agency as well as knowledge thereof by the opposite party. [Cit.] The contract may, depending upon the facts and circumstances, be impliedly one with the agent in his individual capacity. What was the understanding of both parties is a question of fact to be decided by the jury under the circumstances of each case. [Cits.]" *Chambliss v. Hall,* 113 Ga. App. 96, 99 (2) (147 SE2d 334) (1966).

As in *Whitlock v. PKW Supply Co.,* 154 Ga. App. 573, 574 (1) (269 SE2d 36) (1980), so here: " ' "Where an agent wishes to avoid personal liability, the duty is on him to disclose his agency, and not on the party with whom he deals to discover it." ' [Cits.] The fact that [Wojcik] was aware of the existence of [Uniglobe SE] was not sufficient to relieve [Lewis] of personal liability as an agent of a disclosed principal. The use of a trade name is not necessarily a sufficient disclosure of the identity of the principal and the fact of agency so as to protect the agent against personal liability. [Cit.] Even if the principal here were disclosed, the intention of the parties as to who will be bound where the principal is disclosed is usually a question of fact for a jury. [Cit.]"

The primary reason for directing the verdict was the trial court's finding that Lewis was representing the disclosed principal, Uniglobe SE, when he hired Wojcik. However, there was evidence to show that

Lewis contracted with Wojcik personally and not as an agent for Uniglobe SE. The language of the Letter of Understanding supports Wojcik's position that Lewis was acting individually in asking him to work for the corporation. It states that its contents were discussed, understood and agreed upon between Lewis and Wojcik and that it was Lewis' desire to hire him, not that of the corporation through its board of directors. The corporate name is mentioned only to describe the territory which Wojcik was employed to oversee. Wojcik's salary was paid by the corporation, but Lewis personally expedited the financing for Wojcik's residence and loaned him the money for a down payment. The letter was signed by Lewis individually, without any designation of his capacity or other descriptive title.

" 'An agent may expressly contract on his own credit, and be bound, even though his principal be known.' [Cit.] Ordinarily it is a question of fact for a jury under the circumstances of each case whether credit is expressly given to the agent. [Cits.]" *Brown & Huseby, Inc. v. Chrietzberg,* 242 Ga. 232, 234 (3) (248 SE2d 631) (1978). The Letter of Understanding embodying the contract allowed an inference that Lewis was acting on behalf of Uniglobe SE, "or an inference that it was the intention of [Wojcik] and [Lewis] that [Lewis] was to be bound individually on the contract. [Cit.] But this evidence did not demand a finding that either of these inferences was the true fact. A trade name may be used under such circumstances that agency will be sufficiently disclosed; but the use of a trade name is not per se a sufficient disclosure but raises a question of fact to be determined by the fact-finding tribunal. [Cits.]" *Chambliss,* supra at 100.

The evidence did not demand a verdict for either the plaintiff or the defendant, so a directed verdict should not have been granted. *Stone v. Allen,* 201 Ga. App. 842 (1) (412 SE2d 605) (1991). "It is clear that the trier of fact should determine whether . . . [the job offer] was extended [by] the agent in his own right or [by] the principal on whose behalf the agent was acting." *Yarbrough & Co. v. Travis Pruitt & Assoc.,* 130 Ga. App. 49, 50 (202 SE2d 227) (1973).

*Judgment reversed. Birdsong, P. J., and Andrews, J., concur.*

DECIDED MAY 20, 1992.

*Doffermyre, Shields & Canfield, Everette Doffermyre, Jr., Kelly & Hunter, Robert J. Hunter,* for appellant.

*Land, McKnight, Newlin & Cohen, Robert H. McKnight, Jr.,* for appellee.