A92A1528. RUSSELL v. KDA, INC.
(425 SE2d 406)

Andrews, Judge.

Russell brought this action seeking salary and commissions he claims due under 1988 and 1989 employment contracts he entered with KDA. The action also sought an award of attorney fees and punitive damages. Russell appeals from the order of the trial court granting summary judgment in favor of KDA.

KDA operates a consulting business which provides architectural, design and construction management services. Russell was employed by KDA as a sales representative to sell these services to various clients interested in undertaking construction projects. Generally, the sales process initially involved agreements to conduct feasibility studies, and making recommendations and cost estimates. The goal was to convince a client to enter into a project development agreement, and ultimately to commence construction on a project managed by KDA.

1. Under the 1989 contract, Russell claims KDA breached an agreement to pay him a $50,000 annual salary during the fiscal year running from October 1, 1989 to September 30, 1990. After Russell entered into the 1989 contract, KDA terminated his employment on or about January 22, 1990. KDA claims that Russell's employment under the 1989 contract was for an undefined period, and was terminable at will by either party. Russell contends the contract employed him for the term of the fiscal year, and KDA owes him the remainder of his annual salary due from the date of his termination through September 30, 1990.

"An employment contract containing no definite term of employment is terminable at the will of either party, and will not support a cause of action against the employer for wrongful termination." *Burton v. Thurmond Constr. Co.*, 201 Ga. App. 10 (410 SE2d 137) (1991). The 1989 contract does not contain a term of employment. Rather, it specifically provides for base salary compensation on a bi-weekly basis during the current fiscal year. The parties agreed that the bi-weekly compensation would be based on an annual rate of $50,000. Neither the reference to the fiscal year, nor the agreed upon annual rate of compensation establishes a one-year term of employment.

*Burton,* supra at 11; *Fortenberry v. Haverty Furniture Cos.,* 176 Ga. App. 360, 361 (335 SE2d 460) (1985). Whether this raises the presumption of employment for a two-week term was not raised by appellant and was not an issue before us. Id. at 361. The trial court properly granted summary judgment to KDA on Russell's claim for salary due under the 1989 contract.

2. Under the 1988 contract, Russell claims he is owed in excess of $195,000 in commissions for project development agreements entered into by various clients, and in excess of $4,000 in commissions for initial agreements and studies. The 1988 agreement provided a plan of compensation for the fiscal year 1988-1989, and included a base biweekly salary, and commissions. As in the case of the 1989 contract, the 1988 contract contained no term of employment.

As to commissions, the contract provided: "Initial agreements and studies will earn the sales representative a commission of fifteen percent (15%) of the fee. The commission will be paid fifty percent (50%) at the time the agreement is accepted by the company, and fifty percent (50%) at the time the agreement is converted to a Project Development Agreement. If the agreement is not converted to a Project Development Agreement, the remaining fifty percent (50%) of the commission is forfeited . . . Project Development Agreements will earn the sales representative a commission of one percent (1%) of the total construction amount of the contract including interior work. Project Development Agreement commissions will be paid to sales representatives and account representatives in increments at the first of the month following the actions described below: a. Fifty percent (50%) of earned commissions will be paid at the start of construction. b. The remaining fifty percent (50%) of earned commissions will be paid monthly over the estimated construction period commencing on the first month after the payment described in (a) above. Termination: No commissions will be due or payable upon termination of employee."

Russell's main contention is that he is entitled to commissions he earned under the 1988 contract which have or will become payable subsequent to his termination from employment in January 1990. KDA contends that, even though Russell may have eventually been entitled to such commissions had he remained employed at KDA, he is not now entitled to them because the employment contract provides: "No commissions will be due or payable upon termination of employee." It is undisputed that, while employed by KDA, Russell procured certain initial agreements, studies, and project development agreements on behalf of KDA. The contract provides in some instances that Russell earned an immediately payable commission. In other cases, he earned the right to receive the commission only if certain other events occurred. Under the contract, if these other events

occurred while Russell was employed by KDA, he was entitled to the commission, but if they occurred after he was terminated, no commission was payable. KDA contends this provision was necessary and equitable because its business involves a continuing sales process with each client. When a sales representative leaves KDA, the clients who have not yet committed to a project must be re-assigned to another representative, whose efforts may eventually bring the potential project to the construction stage.

Nevertheless, the contract makes clear that, as a result of his efforts while employed at KDA, Russell earned commissions payable upon the occurrence of certain future events. To hold that Russell is not entitled to commissions earned while he was employed, but becoming payable after his termination, would require that we find the employment contract contains a lawful forfeiture provision. "While forfeitures are not unlawful, the law does not favor them, and all ambiguities in a contract are to be resolved against their existence; but where a contract in unmistakable terms provides for a forfeiture and is otherwise free from legal infirmity, neither a court of law nor a court of equity will relieve against the forfeiture." *Equitable Loan &c. Co. v. Waring,* 117 Ga. 599 (8) (44 SE 320) (1903); See *A. L. Williams & Assoc. v. Faircloth,* 259 Ga. 767-768 (386 SE2d 151) (1989). The trial court concluded that upon Russell's termination, no commissions were due or payable. We agree that the provision in the contract providing that "[n]o commissions will be due or payable upon termination of employee," is unambiguous. It provides for a forfeiture of the commissions in clear and unmistakable terms. Compare *Burritt v. Media Marketing Svcs.,* 204 Ga. App. 848-850 (420 SE2d 792) (1992); *McKissick v. Roth Communications,* 203 Ga. App. 747 (417 SE2d 696) (1992). Accordingly, the trial court did not err to the extent it granted summary judgment to KDA on all commissions becoming payable after Russell was terminated.

3. Construing the record in favor of Russell, as the summary judgment respondent, we find no genuine issue of fact as to any claim by Russell that he was not paid commissions on project development agreements due and payable during his employment with KDA. No such commissions were payable under the contract until construction was started on the projects. KDA's affidavit in support of summary judgment is uncontradicted in establishing that, during Russell's term of employment, no construction was started on any project development agreements at issue procured by Russell. Summary judgment in favor of KDA was properly granted on this issue.

4. Russell's affidavit in opposition to summary judgment creates genuine issues of fact as to whether Russell received full payment of all commissions due and payable on initial agreements and studies while he was employed by KDA. To this extent the trial court erred

in granting summary judgment against Russell. KDA's claim of set-off against these commissions is not a defense, but a claim for affirmative relief, and may be pursued in its pending counterclaim upon remittitur of the appeal. *Coxwell Tractor &c. v. Burgess*, 192 Ga. App. 663, 664 (385 SE2d 753) (1989).

5. The record reflects that claims in Russell's complaint for unreimbursed expenses and unused vacation time were satisfied. As to Russell's claims for attorney fees and punitive damages, appellant has not supported these claims in the brief by citation of authority or argument, and they are deemed abandoned. Rule 15 (c) (2). Accordingly, summary judgment was properly granted as to these matters.

*Judgment affirmed in part and reversed in part. Birdsong, P. J., and Beasley, J., concur.*

DECIDED NOVEMBER 20, 1992.

*Barry Staples*, for appellant.

*Harman, Owen, Saunders & Sweeney, Timothy J. Sweeney, Jill D. Levy*, for appellee.