## A93A0883. HARRIS COUNTY v. PENTON.
### (439 SE2d 729)

SMITH, Judge.

Ben H. Penton brought suit against Harris County for breach of an employment contract. Both parties moved for summary judgment, with Penton contending that the only issues remaining for trial were the amount of damages and whether the county failed to honor the contract in bad faith. The county appeals the grant of partial summary judgment in favor of Penton and the denial of its cross-motion for summary judgment.

Harris County, by the assent of three of its five commissioners in office on July 3, 1990, contracted with Penton to act as its county manager. On January 3, 1991, a successor board of commissioners, consisting of at least three newly-elected members, declined to reappoint Penton to that position. It is undisputed that Penton was relieved of his position without cause. Penton sued, claiming that his employment contract was of a definite duration of 24 months and that the county breached it by firing him without good cause. The county responded that Penton's employment was terminable at will under the contract and that even if intended to be one of definite duration, such an agreement is nevertheless unenforceable under the circumstances as an impermissible attempt by a former board of commissioners to bind its successor. See OCGA § 36-30-3.

The contract, drafted by Penton, provided: "Effective July 3, 1990, Ben H. Penton, County Manager of Harris County, Georgia, is hereby awarded an employment contract as County Manager of Harris County for a period not to exceed 24 months from the date of this document. Mr. Penton's salary shall be a minimum of $40,000 annually, payable in 24 equal monthly payments. During subject 24 months, Mr. Penton shall be paid additional compensation for normal annual cost of living increases, health and insurance benefits, travel expense, and retirement benefits. Mr. Penton shall have the right to negotiate a new contract with the Harris County Board of Commissioners at the end of this 24 month period."

1. The initial question is whether the employment contract was intended to be of definite duration so that a successor board would be bound by the agreement, since "[a]n employment contract containing no definite term of employment is terminable at the will of either party, and will not support a cause of action against the employer for wrongful termination." *Burton v. John Thurmond Constr. Co.*, 201 Ga. App. 10 (410 SE2d 137) (1991). The essence of the county's argument is that the language "for a period not to exceed 24 months" can have no other effect than to establish the *maximum* duration of an employment contract of otherwise *indefinite* duration. Penton in effect concedes this point by arguing that, when read as a whole, other references to a stipulated time period in the contract render the language upon which the county relies "superfluous and meaningless." We cannot agree.

In construing contracts, "Georgia law requires us to give meaning to every term rather than construe any term as meaningless, and to construe a contract so as to uphold the contract in whole and in every part; and if construction is doubtful, 'that which goes most strongly against the party . . . undertaking the obligation is generally to be preferred.' [Cit.]" *Myers v. Texaco Refining &c.*, 205 Ga. App. 292, 296 (422 SE2d 216) (1992). Since Penton's employment contract with Harris County plainly establishes a 24-month *maximum* duration, it follows that the *actual* duration of employment contemplated by the parties is indefinite within that 24-month period. Moreover, other references to a stipulated time period in the contract are clearly consistent with an employment contract of both limited and indefinite duration. First, "[n]either the reference to the fiscal year, nor the agreed upon annual rate of compensation establishes a [two]-year term of employment." *Russell v. KDA*, 206 Ga. App. 397 (1) (425 SE2d 406) (1992). Second, the outlining of additional compensation and benefits "during subject 24 months" merely refers to the potential period of employment subject to the terms of the agreement. Finally, the plain meaning of the language providing for Penton's right to negotiate a new contract "at the end of this 24 month period" at most obligates

the county to enter good faith negotiations should it require Penton's services beyond the maximum period covered under the contract.

The dissent relies upon *Wojcik v. Lewis*, 204 Ga. App. 301, 303 (1) (419 SE2d 135) (1992) and maintains that the "not to exceed 24 months" language in the contract here is just as definite as the " 'not less than three years' " language used in *Wojcik*. However, the difference between the two is that the term of employment in *Wojcik* was to be *at least* three years; it could not be, for example, two years or two-and-one-half years. The term of employment under this contract could not be more than 24 months, but it could be less; it therefore was indefinite and terminable at will. As this court noted, the situation was very different in *Wojcik*: "The time from the commencement of Wojcik's employment until the end of three years is a certain period of time, Wojcik was terminated before the end of that period, and he did not claim any rights beyond that period." Id. at 303.

We therefore find that Penton's employment as county manager was terminable at will under the contract, and his firing "without cause" by the county, through its board of commissioners, is not actionable. The trial court erred in granting partial summary judgment in favor of Penton, and likewise erred in denying Harris County's motion for summary judgment.

2. Since we find that the employment contract was terminable at will by either of the parties, we need not address the question whether the Harris County Board of Commissioners may legally bind a successor board to its choice for county manager by an otherwise valid employment contract providing for a definite duration.

3. Penton's motion for sanctions for frivolous appeal is denied.

*Judgment reversed. Pope, C. J., McMurray, P. J., Andrews, Johnson, Cooper and Blackburn, JJ., concur. Birdsong, P. J., and Beasley, P. J., dissent.*

BIRDSONG, Presiding Judge, dissenting.

I fully concur with Judge Beasley's dissent but I feel compelled to write further. Words are to be given their natural meaning; phrases the same. The term "24 months" is clear, no more and no less. The contract further provides the salary shall be $40,000 annually *"payable in 24 equal monthly payments."* How can there be any question as to what this means? It means 24 months in equal installments. In my opinion, the majority has read words out of the contract which are easily understood.

This contract was for 24 months and to deny this man his compensation is wrong.

I respectfully dissent.

BEASLEY, Presiding Judge, dissenting.

I respectfully dissent because the trial court was correct. Applying the principles of contract construction, the entire provision and the whole contract must be considered and not only the words "not to exceed." See OCGA § 13-2-2 (4); *Denise v. Paxson*, 261 Ga. 846, 847 (413 SE2d 433) (1992). The salary is expressly geared to a 24-month plan, additional compensation is designated for the 24-month period, and the manager is given the right to negotiate a new contract at the end of that 24-month period, implying that an initial 24-month period is expected and intended. The "subject 24 months" referred to in the contract is clearly the 24 months' employment. The duration of the contract is as certain as the compensation. In fact, it is even more specific.

"[N]ot to exceed," in the context of this entire provision and the contract as a whole, merely emphasizes that it is not for a period longer than 24 months. No party is bound beyond that, and express provision is made with respect to what is to occur thereafter. Considering the entire contract, it is just as definite a period of time as that construed as definite in its context in *Wojcik v. Lewis*, 204 Ga. App. 301, 303 (1) (419 SE2d 135) (1992): " 'for a period of not less than three years.' " In that instance, the definite period was from the commencement of employment until the end of three years. If the employment in fact continued thereafter, it would be on an indefinite basis.

In the case before us, the definite period is from the commencement of employment until the end of 24 months. Employment thereafter would have to be on the basis of a new contract. As contemplated by OCGA § 34-7-1, wages were paid "at a stipulated period," i.e., monthly, but "the hiring was for a longer term," i.e., 24 months. As evidenced, the contract did not constitute, in the words of that Code section, "[a]n indefinite hiring" so as to be terminable at will by either party.

The parties' intentions when they made the contract, as memorialized in it, should be honored. *DeKalb County v. Rockdale Pipeline*, 189 Ga. App. 121, 124 (2) (375 SE2d 61) (1988); *Robinwood, Inc. v. Baker*, 206 Ga. App. 202, 203 (2) (425 SE2d 353) (1992).

Under local law for Harris County, its board is authorized to employ a county manager for a period of up to four years. Ga. L. 1984, p. 3534. The county acknowledges that the minutes of the board's July 3, 1990, regular meeting reflect that "Mr. Penton presented to Commissioners a contract retaining him as County Manager for two years from the effective date, which would be July 3, 1990." The contract was accepted by the board. This, and the unequivocal affidavits of the three county commissioners who signed the contract for the county, confirm the 24-month meaning ascribed to the contract by the trial

court. " 'The cardinal rule of construction is to ascertain the intention of the parties. . . .' [OCGA § 13-2-3.] . . . ' "This is the object of the rules of interpretation, to discover the true intent of the parties, and in doing this we are to take the whole of (the instrument) together, and to consider this with the surrounding circumstances." ' [Cit.]" *Brooke v. Phillips Petroleum Co.*, 113 Ga. App. 742, 744 (2) (149 SE2d 511) (1966). See also *Friedman v. Friedman*, 259 Ga. 530, 532-533 (3) (384 SE2d 641) (1989): " 'look to the substantial purpose which must be supposed to have influenced the minds of the parties rather than at the details of making such purpose effectual.' "

I am authorized to state that Presiding Judge Birdsong joins in this dissent.

DECIDED DECEMBER 3, 1993 —
RECONSIDERATION DENIED DECEMBER 20, 1993 —

*Kelly, Denney, Pease & Allison, Ray L. Allison,* for appellant.
*Robert L. Wadkins,* for appellee.