A94A2310. HERITAGE ON LANIER, INC. et al. v. AKINS et al.
(454 SE2d 172)

ANDREWS, Judge.

In November 1989, Heritage on Lanier, Inc., d/b/a Carriage Nissan ("Heritage") and Roger Akins entered into a series of agreements concerning the sale of Akins' automobile enterprise to Heritage. In conjunction therewith, Roger Akins executed an employment contract under which he was to receive $25,000 per year for a period of eight years to act as a consultant to Heritage. Also in connection with the sale, Charlsie Akins executed a lease agreement permitting Heritage to occupy premises she owned from April 2, 1990 until March 31, 2000. Charlsie Akins covenanted to maintain the premises in good and useable repair.

On March 9, 1992, Heritage sent a letter to Charlsie Akins notifying her that it considered her to be in default because of three defaults under the lease. Heritage claimed that the roof leaked, that the property housed underground fuel tanks in which hazardous materials were stored in violation of state and federal environmental regulations, and that Akins' representation that the property was not subject to easements and encumbrances was incorrect. Heritage stated its intent to terminate the lease pursuant to its rights under the "Default Clause" if the defaults were not cured within 30 days. On April 10, Heritage terminated the employment contract. On April 11, it vacated the premises and moved the car dealership to a new location.

On May 8, 1992, Charlsie and Roger Akins filed a complaint alleging that Heritage breached both the lease and employment contracts. Heritage answered and counterclaimed, seeking to recover for damages it claimed to have suffered as a result of Akins' breach of the lease agreement. Heritage also sought to recover monies it paid for necessary major repairs, which it claimed were Akins' responsibility.

On May 27, 1993, the Akinses amended the complaint and added Jeffrey Carmichael as a defendant. Carmichael had signed both the lease and the employment contract as a representative and personal guarantor for Heritage.

On August 23, 1993, the Akinses filed a motion for partial summary judgment. In it, they argued that Heritage breached both the lease and employment contracts and that no conduct on their part justified the breaches. Heritage and Carmichael filed a cross-motion for summary judgment arguing that Heritage was authorized to terminate the agreements. With the motion, they filed several affidavits, including Michael Barron's in which he stated that Heritage sought assurances from Akins that she had a fee simple estate in the leasehold which was subject to no encumbrances. Barron also swore that Heritage had demanded assurances from the Akinses that no hazardous or toxic substances were on the premises. Both Roger and Charlsie Akins' depositions were also made part of the record.

In a detailed order, the court granted the Akinses' motion on the employment contract claim and denied both motions concerning the business lease. Here, Heritage and Carmichael appeal.

1. In their first enumeration, Heritage and Carmichael argue that the court erred in denying their motion for summary judgment on the employment contract claim because the contract was terminable at will. In their second enumeration, Heritage and Carmichael contend that at least a factual issue exists regarding this contract.

The employment contract provided that in exchange for yearly advance payments of $25,000 beginning in 1990 for a period of eight years, Akins would serve as a consultant to Heritage. The contract provided that "[u]pon the payment to Employee, by Employer, the sum of $200,000, under the terms of this contract, such payment shall constitute full performance, and this employment agreement shall terminate." The document provided that Akins agreed to be available for consultation concerning the automobile sales business, but that he had no fixed or weekly duties. In addition, the contract gave Heritage certain rights if Roger Akins reentered the new car retail sales market before 1994. The contract provided that if Heritage sold the franchise prior to fulfilling its obligations "all monies due under the contract shall become payable immediately." Notably, there is no provision that if Heritage moved or ceased doing business that the unpaid balance was not due. If either of those events occurred, the unpaid balance was payable as provided in the agreement.

Citing OCGA § 34-7-1 and *Harris County v. Penton*, 211 Ga. App. 498 (1) (439 SE2d 729) (1993), Heritage and Carmichael argue that the employment contract was insufficiently definite as to duration, was terminable at will and will not support the Akinses' action for wrongful breach. Heritage and Carmichael's argument is based on

the contract language which states that it was to last "no more than eight years."

In *Harris County*, supra, the court found that the employment contract established a maximum duration, but that within the maximum duration period the employment duration was indefinite. The court concluded that the "term of employment under this contract could not be more than 24 months, but it could be less; it therefore was indefinite and terminable at will." Id. at 500. Accordingly, the court held that Penton's firing was not actionable.

Here, we agree with the superior court's conclusion that this contract was distinguishable from that in *Harris County* and that it was sufficiently definite. The fact that the duration of Akins' employment contract was tied to his compensation did not render its duration indefinite. As the court below stated: "the duration of employment is simply to be determined by the length of time it takes for Heritage to pay Akins the contract amount of $200,000 under the various contingencies contemplated." The employment term is for eight years, unless the payment is made sooner.

Accordingly, the terms of the contract were sufficiently definite and the contract was not terminable at will. The superior court's grant of summary judgment on this issue in favor of the Akinses was appropriate. See generally *Wojcik v. Lewis*, 204 Ga. App. 301 (1) (419 SE2d 135) (1992). Heritage and Carmichael's first two enumerations are without merit.

2. Heritage and Carmichael contend that the court erred in denying their motion for partial summary judgment on the Akinses' claim under the lease agreement. They argue that Charlsie Akins' failure to timely repair the roof authorized the termination of the lease under the default clause. The default clause of the lease provides that "[d]efault in the performance of any covenant, agreement, obligation or condition herein, or breach of any warranty or representation herein on the part of the Lessor . . . shall entitle Lessee . . . to terminate this lease, if after giving notice to the Lessor of such intention to terminate, setting forth the ground thereof, the Lessor does not within thirty (30) days cure such default or ground for termination, unless such default cannot be cured under any circumstance within such 30-day period and Lessor promptly institutes action to cure such default and diligently pursues such cure to completion."

There was evidence that Charlsie Akins initiated roof repairs within 30 days. The court found that factual issues remained regarding whether the repairs could not be completed within 30 days; regarding whether Akins promptly undertook her action to cure the default; and regarding whether she diligently pursued such cure to completion.

Heritage and Carmichael argue that the leaky roof made the

premises untenable and that the lease terminated pursuant to the "Destruction of or Damage to Premises" clause. In response, the Akinses contend that the destruction clause was intended for catastrophic events and that a leaking roof is not covered under this.

The court below found that the "Destruction of or Damage to Premises" clause did not intend to include the processes of deterioration or wear and tear at issue here. We have reviewed the clause and agree with the superior court's conclusion.

Heritage and Carmichael argue that Heritage was entitled to terminate the lease because Charlsie Akins refused to cure her misrepresentation concerning encumbrances to the property. They also argue that Heritage was entitled to terminate the lease because of Charlsie Akins' misrepresentation concerning the existence of hazardous substances on the premises. The Akinses argue that neither of these issues interfered in any manner with Heritage's use of the property. They also contend that Heritage had notice of the encumbrances on the property and that the representations regarding hazardous substances were not material to the agreement.

The superior court determined that it was unnecessary to address these arguments since factual issues remained regarding the roof and its repair. Clearly, these remaining two arguments present factual issues for determination by a jury and the superior court properly denied Heritage and Carmichael's summary judgment motion as to the lease agreement.

3. Finally, Heritage and Carmichael argue that Carmichael "is entitled to the same relief which it seeks in its appeal." It argues that as a personal guarantor, Carmichael is vested with all of the affirmative defenses available to Heritage. No "relief" has been afforded Heritage by this appeal; accordingly, Carmichael, as guarantor, is not entitled to relief either.

*Judgment affirmed. Beasley, C. J., and Johnson, J., concur.*

DECIDED FEBRUARY 10, 1995.

*Hine & Niedrach, Edward Hine, Jr., McClellan & Pangborn, Bret J. Pangborn*, for appellants.
*Carey, Jarrard & Walker, James C. Weidner*, for appellees.