A99A1052. MORGAN v. AMERICAN INSURANCE MANAGERS, INC. et al.
(521 SE2d 676)

BLACKBURN, Presiding Judge.

In this action concerning the viability of a contract for employment, Norman W. Morgan appeals the trial court's order granting summary judgment to both American Insurance Managers, Inc. (AIM) and David Dennett-Smith, contending that the trial court erred by: (1) ruling the statute of frauds barred Morgan's oral employment agreement with AIM; (2) improperly construing deposition testimony on AIM's motion for summary judgment; and (3) failing to consider facts and law concerning Morgan's part performance of the alleged employment agreement. Based on Morgan's own testimony, we find that the employment agreement falls within the statute of frauds and affirm the trial court's grant of summary judgment.

To prevail at summary judgment under OCGA § 9-11-56, the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do

this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . Our review is de novo.

(Citations and punctuation omitted.) *Brown v. Brewer*, 237 Ga. App. 145, 146 (513 SE2d 10) (1999).

Viewing the evidence in favor of Morgan, the nonmovant, the record reveals that Morgan sought employment with AIM's Medical Stop Loss (MSL) Division on May 26, 1992. After negotiating with Dennett-Smith, AIM's President, Morgan and AIM entered into an oral employment agreement to begin June 1, 1992.

Morgan agreed to work for AIM in return for AIM's promise to provide him with an annual salary of $120,000, an automobile allowance of $950 per month, and a bonus equal to ten percent of annual MSL Division profits[1] pursuant to a twelve-month rolling agreement. Pursuant to the oral agreement, Morgan reported to work on June 1, 1992, and continued to work until he was terminated on May 23, 1994.

When AIM terminated Morgan, it paid him his salary and auto allowance to date, and gave him one month's salary as severance pay. Morgan did not receive any bonuses. He contends that AIM owes him salary for 11 months and automobile allowance for 12 months pursuant to the 12-month rolling agreement, as well as unpaid bonuses for partial year 1992, full year 1993, and partial year 1994.

1. Morgan claims the trial court erred in ruling that his employment agreement with AIM is barred by the statute of frauds. We disagree.

The common law statute of frauds codified in Georgia states:

To make the following obligations binding on the promisor, the promise must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him: . . . (5) Any agreement that is not to be performed within one year from the making thereof.

OCGA § 13-5-30 (5).

Morgan deposed that the agreement entitled him "to be [employed] for the next 12 months" in exchange for "each day [he]

---

[1] Although the original agreement provided Morgan an annual bonus of ten percent of the MSL Division profits, Morgan and AIM agreed that he would receive five percent of the profits for 1992 since he started work in June of that year. Morgan's ability to recover bonuses for 1992 was not raised in the defendant's motion for summary judgment and is not before us on appeal.

show[ed] up for work" and that, in the event of termination, he was entitled to receive compensation "for the next 12 months." According to this testimony, Morgan's alleged contract could, at its minimum duration, be performed in a year and a day. Thus, Morgan's own interpretation of the 12-month rolling agreement renders the agreement an employment contract impossible of being performed in one year, and therefore, subject to the statute of frauds.

An oral employment contract for a definite term not to be performed within one year, such as the one we have here, is within the statute of frauds. Therefore, the trial court neither erred in construing the deposition testimony nor did it err in finding that Morgan's enforcement of the alleged oral employment contract with AIM is barred by the statute of frauds.

2. Alternatively, Morgan contends that, because he partially performed under the oral agreement, the agreement should be excepted from the statute of frauds. "Where there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance," the statute of frauds does not apply. OCGA § 13-5-31 (3).

> [The p]art performance required by OCGA § 13-5-31 (3) to obviate the statute of frauds must be substantial and essential to the contract. Thus, oral employment contracts for longer than one year are unenforceable unless there has been part performance that is consistent with the presence of a contract and inconsistent with the lack of a contract.

(Citations and punctuation omitted.) *Ikemiya v. Shibamoto America,* 213 Ga. App. 271, 273 (444 SE2d 351) (1994).

In this case, the activity performed by Morgan as an employee with the MSL Division of AIM, merely showing up for work on a daily basis, does not support his contentions regarding the terms of the oral contract he is now seeking to enforce, namely his severance package and bonuses. Therefore, his acts were not sufficient acts to establish part performance and remove this agreement from the statute of frauds because his activities with the MSL Division are not inconsistent with employment terminable at will without an express contract. Id.

As the enforcement of Morgan's alleged oral employment contract with AIM is barred by the statute of frauds, no material issues of fact remain for trial. Therefore, we hold that summary judgment was appropriate and, accordingly, we affirm.

*Judgment affirmed. Barnes and Ellington, JJ., concur.*

DECIDED AUGUST 17, 1999.

*Greer, Klosik & Daugherty, Jeffrey F. Leasendale*, for appellant.
*Rogers & Hardin, Daniel McGinnis, Phillip S. McKinney*, for appellees.