## A99A2100. ZAGER v. BROWN et al.
(530 SE2d 50)

ANDREWS, Presiding Judge.

Jeff Zager appeals from the trial court's dismissal of his complaint for failure to state a claim for breach of employment contract and fraud against Harry Brown, D.C.; his corporations; and Hardt, Jr., the general manager of the corporations.

Zager's complaint alleged breach of a "written contract of employment" dated June 14, 1996, and fraud. Attached to the complaint as Exhibit A was a copy of the claimed employment contract. It consisted of a letter on the stationery of Arrowhead Management, Inc.[1] dated June 14, 1996, and addressed to "Whom It May Concern." It was signed by Hardt, Jr. as general manager and was notarized. It stated that

> Jeff Zager is employed by Arrowhead Management, Inc. and holds the position of Director of Atlanta Operations. Mr. Zager has a two-year employment contract with the company, effective June 12, 1996, which specifies the following: 1. Base salary of $60,000 per year. 2. Commission of $3,000 to $6,000 per month, depending on attainment of performance goals, with a guaranteed minimum commission of

---

[11] (Punctuation omitted.) *Hooper*, supra at 128 (1).

[1] Arrowhead Clinic, Inc. and Chiromed Chiropractic Center, Inc. were also listed on the letterhead, indicating they each had offices throughout Georgia and Florida, respectively.

$3,000 per month. 3. Expense account and payment of cellular phone service. If any additional information should be required, please contact me directly. . . .

After the defendants filed a motion to dismiss for failure to state a claim on the ground that this letter failed to satisfy OCGA § 13-5-30 because the contract could not be performed within one year and did not constitute a written contract under the Statute of Frauds, Zager attached another letter to his May 15, 1998 response. This letter, dated June 28, 1996, and signed by Brown, was also addressed to "Whom It May Concern" and was described by Zager's response as "express[ing] great satisfaction with the job being performed at that time by Plaintiff Zager." That letter states, in pertinent part, that

[b]ecause of Jeff's exceptional business abilities, I asked him to take on some collection responsibilities at Arrowhead Clinic, Inc., in October of 1995. In no time, Jeff was collecting on accounts receivable that were considered write-offs until he got them. Jeff did such an outstanding job in his collection capacity that I knew he was the right individual for Director of Atlanta Operations[,] *which he accepted in March of 1996.*

(Emphasis supplied.)

On July 8, 1998, Zager filed an Amended Complaint and Supplemental Response to Defendants' Motion to Dismiss. Attached as an exhibit to the response was a June 8, 1996 Proposal for Permanent Employment, prepared by Zager. It states that "[t]he following is the agreed upon arrangement for permanent employment for Jeff P. Zager with the Arrowhead Clinic, Inc. Base salary at $60,000 plus car phone." There followed a commission structure which depended upon the collections made by Zager.

The end of the letter stated "[a]ccepted this 8th day of June, 1996,"[2] and was signed by Brown, Hardt, and Zager.

The supplemental response states, with respect to this letter, that

Plaintiff herein was paid on commission, as set forth in the agreement, with commissions above the minimum as set forth in the schedule of commissions signed by Harry Brown, as set forth in Exhibit "A" hereto, which was created in connection with an earlier proposal for permanent

---

[2] Underlined portion is handwritten.

employment, which through further negotiation resulted in the agreement at issue in this action.

The amended complaint added to the fraud count the allegation that Zager

moved to Jonesboro, purchased a house, stopped his other business activities to devote full-time to employment with the Defendants, lost other valuable business opportunities, and *otherwise resulted in uncompensated benefits to Defendants and a loss to Plaintiff.*

(Emphasis supplied.)

In this context, the trial court concluded that the complaint did not show a written contract of employment but an oral one which did not meet the requirements of OCGA § 13-5-30 (5) and was terminable at will. Further, the court concluded "the Complaint failed to allege part performance sufficient to remove Plaintiff's oral employment agreement from the Statute of Frauds."

A motion to dismiss for failure to state a claim upon which relief may be granted should not be sustained unless (1) the allegations of the complaint disclose with certainty that the claimant would not be entitled to relief under any state of provable facts asserted in support thereof; and (2) the movant establishes that the claimant could not possibly introduce evidence within the framework of the complaint sufficient to warrant a grant of the relief sought. In deciding a motion to dismiss, all pleadings are to be construed most favorably to the party who filed them, and all doubts regarding such pleadings must be resolved in the filing party's favor. *Anderson v. Flake,* 267 Ga. 498, 501 (2) (480 SE2d 10) (1997).

(Punctuation omitted.) *Cellular One v. Emanuel County,* 227 Ga. App. 197-198 (489 SE2d 50) (1997).

1. First considering the contract claim, we agree with the trial court that the June 14, 1996 letter is insufficient to constitute a written contract.[3]

The June 14, 1996 letter is addressed to "Whom It May Concern" and is not signed or otherwise concurred in by Zager. Additionally,

---

[3] Although Zager argues here that the "writings" constituted the contract, as reflected above, that was not the claim alleged in the complaint and will not be considered here for the first time.

there is no indication of the duties to be performed by him as "Director," the place where the duties are to be executed, any benefits in addition to salary and commission, or a basis upon which the agreement could be terminated.

> The nature and character of the services to be performed, the place of employment and the amount of compensation to be paid therefor are all essential elements of an employment contract and must be stated with sufficient definiteness. *Farr v. Barnes Freight Lines*, 97 Ga. App. 36, 37 (101 SE2d 906) (1958). If an employment contract contains no description of the nature and character of the services to be performed, or where the performance is to occur, it is so indefinite and vague that it is unenforceable. *McTerry v. Free for All Missionary Baptist Church No. 1*, 129 Ga. App. 724 (200 SE2d 915) (1973).

(Punctuation omitted.) *Sawyer v. Roberts*, 208 Ga. App. 870, 871 (432 SE2d 610) (1993).

In *Sawyer*, Sawyer was hired as a dental hygienist for three years pursuant to a written document. While the document was executed by both parties and set out her work hours, it was silent as to the nature of the services to be performed or the place of performance and was found void for uncertainty and indefiniteness. Compare *Toncee, Inc. v. Thomas*, 219 Ga. App. 539, 540 (1) (466 SE2d 27) (1995) with *Wheeling v. Ring Radio Co.*, 213 Ga. App. 210 (444 SE2d 144) (1994).

Therefore, the complaint failed to allege a claim for breach of written employment contract, and dismissal was appropriate.

2. Zager contends that, even if no written contract was alleged, there were sufficient allegations of partial performance to take the oral contract out of the Statute of Frauds pursuant to OCGA § 13-5-31 (3).[4]

As reflected above, however, the only factual allegations in his complaint are not inconsistent with performing duties pursuant to an oral contract terminable at will.

> [T]he part performance shown must be consistent with the presence of a contract and inconsistent with the lack of a contract. It is clear that mere entry on employment is insufficient part performance to satisfy this requirement. [Cits.]

---

[4] That section provides that the Statute of Frauds does not extend to cases "[w]here there has been such part performance of the contract as would render it a fraud of the party refusing to comply if the court did not compel a performance."

It has also been held that, even with such entry, refusal of another offer is not sufficient part performance under [OCGA § 13-5-31 (3)]. [Cits.] Nor is moving to a new location and taking on employment adequate to remove an oral contract from the statute of frauds. [Cits.] The rationale underlying these cases is that these acts, entry on employment, moving, and refusal of another offer, are . . . merely preparatory or preliminary to the performance of a contract terminable at the will of either party . . . and not a substantial act essential to an oral contract. These acts do not verify the probable existence of the contract.

*Hudson v. Venture Indus.*, 243 Ga. 116, 118-119 (252 SE2d 606) (1979). See also *Morgan v. American Ins. Managers*, 239 Ga. App. 635, 637 (2) (521 SE2d 676) (1999); *Ikemiya v. Shibamoto America*, 213 Ga. App. 271, 272 (1) (444 SE2d 351) (1994); *Gatins v. NCR Corp.*, 180 Ga. App. 595, 598 (349 SE2d 818) (1986).
Additionally,

"fraud cannot be predicated on a promise which is unenforceable at the time it is made. And this is controlling in the instant case because the promises (of employment) upon which the (plaintiff) relies for establishing fraud were unenforceable even absent any fraud at the time of their utterance. . . . [Cits.]"

*Ikemiya*, supra at 274 (2).
*Judgment affirmed. Ruffin and Ellington, JJ., concur.*

DECIDED FEBRUARY 18, 2000 — ▮▮▮▮▮▮

*Robert M. Goldberg*, for appellant.
*Fisher & Phillips, Ruth W. Woodling*, for appellees.