A00A1050. SCHUCK v. BLUE CROSS & BLUE SHIELD OF GEORGIA, INC. et al.
(534 SE2d 533)

ELDRIDGE, Judge.

Harvey E. Schuck, M.D., sued Blue Cross & Blue Shield of Georgia, Inc. and Atlanta Healthcare Partners, Inc. ("AHP") for wrongful termination in his fourteenth month of employment after he had a heated argument with and said you are a "f——g liar" to Gordon Church, Vice-President and Local Market Manager/Atlanta of Blue Cross and President of AHP, when he was told that he would not

receive a first-year bonus that he believed had been promised to him. The defendants contend that plaintiff was terminated for insubordination and misconduct and was, in any event, an at-will employee. Schuck disputes that the contract was an at-will employment for an indefinite period; he contends that the initial contract for one year was automatically renewed for a second year. The trial court granted summary judgment, because the employment subsequent to the first year was at will for an indefinite period of time. The initial documents show that the contract was clearly and unambiguously for a definite one-year period of time, thereby taking the contract of employment outside employment at will; however, the Georgia law of employment at will applied beyond the first year when there was only an indefinite period of time regarding the employment. OCGA § 34-7-1.

Plaintiff's sole enumeration of error is that the trial court erred in granting summary judgment in finding that the employment contract, when read in its entirety from many documents, created an at-will employment status. We do not agree and affirm.

When all the possible documents that can possibly be construed to make up the employment contract are read together, the employment contract clearly specified a minimum initial one-year period to the employment contract to induce the plaintiff to come from Florida, which placed such minimum one-year employment outside employment at will for the first year only. See OCGA § 34-7-1; *Ga. Power Co. v. Busbin*, 242 Ga. 612, 613 (1) (250 SE2d 442) (1978); *Meeks v. Pfizer, Inc.*, 166 Ga. App. 815, 816 (305 SE2d 497) (1983). However, where a definite minimum contract period has been established by the contract of employment, only such minimum employment period falls outside the employment at will, and any future contract period comes under the employment at will. Here, such documents also state that there is employment at will beyond the first year and, therefore, negate any presumed rollover of the one-year term of employment. See *Wojcik v. Lewis*, 204 Ga. App. 301, 303-304 (1) (419 SE2d 135) (1992). After such initial definite contract period, the contract became terminable at will, because the employment was for an indefinite period. Id. at 304; see also *Marshall v. W. E. Marshall Co.*, 189 Ga. App. 510, 511 (1) (376 SE2d 393) (1988). Since the definite contract period of one year was only an inducement for that year alone, then it cannot be construed as the intent of the parties for this contract term to roll over in the next year with all of the expressions to the contrary regarding employment at will. *Ikemiya v. Shibamoto America*, 213 Ga. App. 271, 273 (1) (444 SE2d 351) (1994).

Plaintiff contends that construing all the documents together creates an ambiguity as to the intent regarding any term of employment beyond the initial fixed minimum term and that the ambiguity

must be construed against the employer since it drafted the documents, so that a rollover of the one-year term occurs. See *McLean v. Continental Wingate Co.*, 212 Ga. App. 356, 358 (1) (442 SE2d 276) (1994). The rule regarding construction of ambiguous contracts against the drafter applies to general contracts and also applies to employment contracts as to terms of compensation or terms other than the period of employment; however, since there was no ambiguity in the contracts, no such construction is necessary. Id. at 358. However, the public policy of Georgia is clear and unambiguous that, absent a definite term of employment, the contract is terminable at will and such definite term cannot be inferred, read in when absent, or supplied by a rule of construction when missing outside the statute, because "[t]here is no room for this exception in Georgia as this rule is statutory and the statute . . . does not encompass the exception." (Citation omitted.) *Goodroe v. Ga. Power Co.*, 148 Ga. App. 193, 194 (1) (251 SE2d 51) (1978); see OCGA § 34-7-1; *Ikemiya v. Shibamoto America*, supra at 273 (1); *American Standard v. Jessee*, 150 Ga. App. 663, 665 (1) (258 SE2d 240) (1979); cf. *Empire Box v. Moore*, 87 Ga. App. 57, 67 (73 SE2d 63) (1952) (nothing to show a contrary intention the term rolls over under the statutory language); *Nat. Manufacture &c. Corp. v. Dekle*, 48 Ga. App. 515 (173 SE 408) (1934).

*Judgment affirmed. Blackburn, P. J., and Barnes, J., concur.*

DECIDED MAY 8, 2000 —
RECONSIDERATION DENIED MAY 23, 2000.

*Hurt, Levine & Papadakis, David N. Levine, Ralph J. Hiers,* for appellant.

*Ogletree, Deakins, Nash, Smoak & Stewart, Debra L. Dewar, Martha C. Perrin,* for appellees.