A00A2066. FORD CLINIC, INC. v. POTTER.
(540 SE2d 275)

JOHNSON, Chief Judge.

William Potter III sued Ford Clinic, Inc. for alleged breach of an oral employment contract. Ford Clinic moved for summary judgment, which was denied by the trial court. We granted interlocutory review of the summary judgment denial. Because any alleged oral contract was either for two years and barred by the statute of frauds or for an indefinite period of time and terminable at will, we reverse the trial court's order denying Ford Clinic's motion for summary judgment.

On appeal of the grant of summary judgment, this court applies

---

[10] 223 Ga. App. 297, 298 (2) (477 SE2d 435) (1996).
[11] Supra.
[12] 209 Ga. App. 99, 100 (2) (432 SE2d 675) (1993).

a de novo review of the evidence to determine whether any question of material fact exists.[1] Summary judgment is appropriate where the moving party can show that there is no genuine issue of material fact and that the movant is entitled to judgment as a matter of law.[2] A defendant meets this burden by "showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. . . . All of the other disputes of fact are rendered immaterial."[3]

The evidence in the present case shows that Ford Clinic hired Potter to practice medicine in his chosen field of gynecology. While Potter contends that the oral employment agreement "was for a period of two years with an annual salary to be paid [him] of $90,000.00 payable in 12 installments each year of $7,500.00 per month," Ford Clinic contends that no employment agreement was prepared and Potter agreed to work as an "employee-at-will." From the outset, Potter and Dr. William Ford, the owner of the Ford Clinic, disagreed about the hours Potter was to work. Ford contended that Potter was hired to work regular office hours in order to treat walk-in patients and to fill in as needed for obstetric services. Potter, however, refused to be at the clinic except for scheduled appointments. Other disputes arose between the parties. In addition, patients complained about how Potter treated them and his improper and suggestive comments. Potter admits that he was not generating the amount of income needed to justify his annual salary.

More than a year after Potter began working at the clinic, Ford presented him with a written employment agreement. This agreement stated that Potter would receive a percentage of the gross collected income that he generated. Potter refused to sign the agreement. He then refused to come to the office or to see patients. Although Ford took the position that Potter had quit his job, he wrote a letter to Potter withdrawing the contract offer and terminating his employment.

Potter sued Ford Clinic claiming that it had breached a two-year oral contract of employment with him and seeking the balance of the salary he allegedly was owed for the remaining year. Ford Clinic moved for summary judgment on the ground that the parties either had no employment contract or merely had an employment contract that was terminable at will. Alternatively, the clinic argued that to the extent the parties had a two-year oral contract, it was unenforceable under the statute of frauds. The trial court denied the motion,

---

[1] *Moore v. Food Assoc.*, 210 Ga. App. 780 (437 SE2d 832) (1993).
[2] OCGA § 9-11-56 (c).
[3] *Lau's Corp. v. Haskins*, 261 Ga. 491 (405 SE2d 474) (1991).

finding that the parties had a contract and that there were disputed issues of fact as to the terms of the contract. The court also held that the statute of frauds was inapplicable to defeat Potter's claim, since "it is arguable that by establishing an annual salary payable in 12 installments, that the contract could be found to be for successive one year periods."

The trial court erred in denying summary judgment. To the extent the parties had a contract, it was either for two years and barred by the statute of frauds or for an indefinite term and terminable at will. In either case, Potter does not have a cause of action against Ford Clinic.

In his deposition, Potter was asked to state the term of his employment, including the length of time he was going to work for Ford Clinic. He responded, "No term was mentioned." He further responded that "there was no termination point" and admitted that there was no agreement regarding the length of time he was to be employed.

Georgia courts have consistently held that "[a]n employment contract containing no definite term of employment is terminable at the will of either party, and will not support a cause of action against the employer for wrongful termination."[4] An oral promise as to an employment contract for an indefinite period of time is not enforceable.[5] To the extent that Potter's alleged oral contract was for an indefinite term, it was terminable at will, and he has no cause of action against Ford Clinic.

In addition, if we accept Potter's contention that the contract was for two years, Potter still has no cause of action against Ford Clinic. OCGA § 13-5-30 (5) provides,

> To make the following obligations binding on the promisor, the promise must be in writing and signed by the party to be charged therewith or some person lawfully authorized by him: . . . (5) Any agreement that is not to be performed within one year from the making thereof. . . .

An oral employment contract for a definite term not to be performed within one year is within the statute of frauds.[6] Thus, if the contract is for two years, as maintained by Potter, his suit is barred. Although the statute of frauds does not apply where there has been such part

---

[4] (Citations and punctuation omitted.) *Dong v. Shepeard Community Blood Center*, 240 Ga. App. 137, 138-139 (1) (522 SE2d 720) (1999); see also *Schuck v. Blue Cross &c. of Ga.*, 244 Ga. App. 147, 148-149 (534 SE2d 533) (2000).

[5] See id.; *Dong*, supra; *Marshall v. W. E. Marshall Co.*, 189 Ga. App. 510, 511 (1) (376 SE2d 393) (1988).

[6] *Morgan v. American Ins. Managers*, 239 Ga. App. 635, 637 (1) (521 SE2d 676) (1999).

performance of the contract "as would render it a fraud of the party refusing to comply if the court did not compel a performance,"[7] the part performance required to obviate the statute of frauds must be substantial and essential to the contract.[8] Thus, oral employment contracts for longer than one year are unenforceable unless there has been part performance that is consistent with the presence of a contract and inconsistent with the lack of a contract.[9]

As in *Morgan*, the activities performed by Potter as an employee of Ford Clinic — merely showing up for work when he had scheduled appointments — were not sufficient acts to establish part performance and remove this agreement from the statute of frauds because these activities are not inconsistent with employment terminable at will without an express contract.[10]

In addition, although the trial court based its denial of summary judgment on the fact that "by establishing an annual salary payable in 12 installments, . . . the contract could be found to be for successive one year periods" and thus fall outside the statute of frauds, neither party actually makes this contention. Ford Clinic contends the oral agreement was terminable at will, and Potter contends the oral agreement was for a two-year period. In fact, in his appellate brief, Potter notes, "What other possible conclusion could be reached from this simple agree [sic] other than the parties intended that the employment relationship should continue for at least two years."

Since the enforcement of Potter's alleged oral employment contract with Ford Clinic is barred either by the statute of frauds or because any such agreement was terminable at will, no material issues of fact remain for trial. Accordingly, the trial court erred in denying summary judgment to Ford Clinic.

*Judgment reversed. Smith, P. J., and Phipps, J., concur.*

DECIDED OCTOBER 6, 2000.

*Eugene W. Harper, Jr.*, for appellant.
*Charles R. Desiderio*, for appellee.

---

[7] OCGA § 13-5-31 (3).
[8] *Morgan*, supra.
[9] Id.
[10] See *Zager v. Brown*, 242 Ga. App. 427, 430 (1) (530 SE2d 50) (2000); *Morgan*, supra; *O'Neal v. Home Town Bank of Villa Rica*, 237 Ga. App. 325, 328 (1) (514 SE2d 669) (1999).