### 47440. ASSOCIATES FINANCIAL SERVICES COMPANY, INC. v. INTERNATIONAL HARVESTER CREDIT CORPORATION.

Pannell, Judge. Associates Financial Services Company, Inc., appeals from a judgment rendered by the Civil Court of Fulton County denying appellant-plaintiff's motion for summary judgment and granting the motion for summary judgment of appellee-claimant, International Harvester Credit Corporation, in each of two pending actions for the foreclosure of security interests in personal property, which actions were consolidated by agreement of the parties.

The issues presented by the enumerations of error are: (1) Was there remaining a substantial issue as to a material fact that would bar summary judgment for the appellee; and (2) Did appellant establish his right to summary judgment by showing that there was no genuine issue as to any material fact and that he is entitled to judgment as a matter of law?

These cases involve the purported sale in Alabama of two

trucks by an International Harvester dealer (Sebring) to a purchaser (Campbell), with down payment entered as due on open account. The commercial paper was purchased by appellant-plaintiff. Appellee-claimant refused to permit delivery and moved the trucks from Sebring's premises and ultimately to Georgia.

Issue is joined over whether the purchaser Campbell qualifies as "a buyer in the ordinary course of business." Some of his testimony is contradictory and some, supported by Sebring, is in direct conflict with that of appellee-claimant's representatives.

Appellant relies on good faith on the part of the purchaser Campbell in support of its claim for summary judgment and reversal of appellee's summary judgment. Appellee asserts "that the necessary ingredient of 'good faith' . . . that is, 'honesty in fact in the conduct of the transaction concerned . . . is missing' in support of its summary judgment and denial of appellant's claim for summary judgment."

In *Capital Automobile Co. v. General Motors Acceptance Corp.*, 119 Ga. App. 186, 192 (166 SE2d 584) this court held: "'The question of the credibility of witnesses and the related right of cross examination is a murky area of the summary judgment law with conflicting concepts in hostile array. Cases like this, having as an essential factor the state of mind or intent of a person, are difficult of solution.' *Darby v. Interstate Life &c. Ins. Co.*, 107 Ga. App. 409, 410 (130 SE2d 360). Accordingly, in a summary judgment case, this court cannot consider the credibility of a witness or his affidavit (*Darby v. Interstate Life &c. Ins., Co.*, supra; *Raven v. Dodd's Auto Sales & Service*, 117 Ga. App. 416, 421 (3) (160 SE2d 633)) and a jury must resolve this question and the conflict in the evidence which it produces."

A question remains concerning the credibility of witnesses for both sides and neither appellee nor appellant has satisfied the burden of showing the absence of any genuine issues of material facts, which under the applicable prin-

ciples of substantive law enable either of them to a judgment as a matter of law. *Raven v. Dodd's Auto Sales & Service,* 117 Ga. App. 416, 421, supra.

Accordingly, the trial court erred in granting summary judgment to appellee. There was no error in the court's denial of summary judgment to appellant.

*Judgment reversed. Hall, P. J., and Quillian, J., concur.*
ARGUED SEPTEMBER 11, 1972—DECIDED NOVEMBER 28, 1972.

*Kilpatrick, Cody, Rogers, McClatchey & Regenstein, George B. Haley, Jr., Robert W. Coleman,* for appellant.

*Hansell, Post, Brandon & Dorsey, W. Rhett Tanner,* for appellee.