## 57728. CONLEY v. TRONCALLI MOTOR COMPANY et al.

McMURRAY, Presiding Judge.

Jill Conley had purchased a certain 1976 Triumph TR-7 automobile from Troncalli Motor Company. Mrs. Conley had repeated problems with the vehicle, returning it several times for warranty work and other problems. On May 6, 1977, Mrs. Conley, accompanied by her husband David, went to the place of business of Troncalli to pick up the automobile which had been left for repair. On arriving at Troncalli the Conleys learned that the radio had been taken from the automobile and shipped to Jacksonville for repairs. David Conley complained to Jack Price, the service manager at Troncalli, and subsequently spoke to Glen Moore, a district service manager for British Leyland Motors, Inc., who happened to be on the premises that day. After his discussion with David Conley, Glen Moore called the police. The police officer who responded to the call arrested David Conley for public drunkenness.

On the trial of the public drunkenness case against David Conley the jury returned a verdict of not guilty. David and Jill Conley brought this action against Troncalli Motor Company, Jack Price, British Leyland Motors, Inc., and Glen Moore, alleging in Count 1 false arrest and malicious prosecution and in Count 2 breach of actual and implied warranties on the automobile. Defendants Troncalli Motor Company and Jack Price moved for summary judgment on Count 1. This motion was granted, and David Conley appeals from the grant of summary judgment in favor of Troncalli Motor Company and Jack Price. *Held:*

1. The affidavit of Jack Price, submitted in support of the motion for summary judgment of Troncalli Motor

Company, states that Glen Moore was the person who called the police and Jack Price had nothing to do with calling the police or taking out a warrant against David Conley. Jack Price's affidavit further states that he did not suggest to anyone that a warrant be taken out against David Conley, and it is the testimony of Tom Watson, the arresting police officer, at the trial of the criminal case, that it was Glen Moore who spoke with him when he arrived at Troncalli Motor Company (if this evidence can be considered by the court on motion for summary judgment in a civil case). This evidence would serve to pierce the allegations of plaintiff's complaint regarding Jack Price. However, it was rebutted by the affidavit of David Conley which stated that Jack Price as well as Glen Moore participated in the instigation of his arrest and in giving false testimony at the trial of the criminal case. Issues of material fact remain for jury determination, hence the trial court erred in granting summary judgment as to Jack Price. *Holland v. Sanfax Corp.,* 106 Ga. App. 1, 4 (1) (126 SE2d 442); *Butterworth v. Pettitt,* 223 Ga. 355, 357 (155 SE2d 20); *Associates Financial Services Co. v. International Harvester Credit Corp.,* 127 Ga. App. 636, 637-638 (194 SE2d 518); *Ginn v. C. & S. Nat. Bank,* 145 Ga. App. 175, 179 (3) (243 SE2d 528).

2. The trial court also erred in granting summary judgment in favor of Troncalli Motor Company. As issues of material fact remain in the action against its agent Jack Price, any tortious conduct on the part of Jack Price arising from and in the course of his employment may be imputed to Troncalli Motor Company.

Troncalli Motor Company presented evidence in support of its motion for summary judgment that Glen Moore, a factory representative for British Leyland Motors, Inc., was on the premises of Troncalli Motor Company in his capacity as factory representative and had never been employed by Troncalli Motor Company in any capacity. To the extent to which this evidence pierced the pleadings of the plaintiff, it was rebutted by the plaintiff's evidence inferring an agency relationship between Troncalli Motor Company and Glen Moore. Further, Jack Price, at the trial of the criminal case, testified that Glen Moore served as a liaison between

himself as service manager of Troncalli Motor Company and customers who wished repairs which Jack Price was not able to handle. *Holland v. Sanfax Corp.*, 106 Ga. App. 1, 4 (1), supra; *Butterworth v. Pettitt*, 223 Ga. 355, 357, supra; *Associates Financial Services Co. v. International Harvester Credit Corp.*, 127 Ga. App. 636, 637-638, supra; *Ginn v. C. & S. Nat. Bank*, 145 Ga. App. 175, 179 (3), supra.

*Judgment reversed. Banke and Underwood, JJ., concur.*

ARGUED MAY 2, 1979 — DECIDED JUNE 22, 1979 — REHEARING DENIED JULY 13, 1979.

*Charles M. Lipman*, for appellant.

*Fain & Gorby, Michael J. Gorby, Tom B. Benham, Shoob, McLain & Merritt, Robert P. Wilson*, for appellees.