62707. FLOYD v. LAMAR FERRELL CHEVROLET, INC.

QUILLIAN, Chief Judge.

Plaintiff appellant Floyd appeals the grant of defendant's motion for summary judgment. *Held:*

Appellant commenced this action against appellee alleging that she was employed at a salary of $700 per month plus commission as assistant to appellee's body shop manager on April 10, 1980 and was scheduled to report for work on April 14; that in order to accept employment with appellee she terminated her employment with another automobile dealer on April 10; that on April 11 appellee informed appellant not to report for work; and that she has since been unemployed and seeks damages for breach of contract and for tortious conduct by appellee. Appellee denied the allegations and moved for summary judgment supported by affidavits that appellant was not employed as alleged. Appellant countered with her own affidavit to the contrary.

Whether an employment contract was created is a genuine issue of material fact which would make the grant of summary judgment erroneous under Code Ann. § 81A-156 (c) (Ga. L. 1966, pp. 609, 660 through 1975, pp. 757, 759), unless a cause of action is not stated as contended by appellee.

Appellee argues that a contract of employment for an indefinite period, as alleged in this case, is terminable at the will of either party and therefore does not authorize any action for breach. Correctly cited for this proposition is *Lambert v. Ga. Power Co.,* 181 Ga. 624 (1) (183 SE 814), which relies on the language of Code Ann. § 66-101 that an indefinite hiring may be terminated at the will of either party.

Code Ann. § 66-101 states: "That wages are payable at a stipulated period raises the presumption that the hiring is for such period; . . . An indefinite hiring may be terminated at will by either party."

*Lambert v. Ga. Power Co.,* 181 Ga. 624, supra, and numerous later cases which follow it, is factually distinguishable from the instant case because the employee had been employed for at least the stipulated period for which wages were to be paid prior to discharge from an indefinite contract of employment.

The meaning of Code Ann. § 66-101 is described in *Odom v. Bush,* 125 Ga. 184 (2) (53 SE 1013), where the plaintiff was hired at a monthly salary for an indefinite period and discharged after the first month's employment. In affirming the dismissal of plaintiff's suit for enforcement of the employment contract, the court said: "[T]he defendants did not bind themselves to employ the plaintiff, nor did he obligate himself to remain in their service, for any definite period beyond the first month of hiring. [Cit.] An executory contract of service for no fixed period of time is obviously too indefinite to be capable of enforcement; and it is only by a fiction that the courts are enabled to hold that an engagement at a fixed salary per month, but with no stipulation as to its duration, is a legally binding contract for one month's employment at the agreed wage . . . But the hiring, after the expiration of the first month, being indefinite as to its duration, may be terminated at the will of either party. Civil Code, § 2614 [now Code Ann. § 66-101] . . . [A]n 'offer of employment at so much per month will, in the absence of anything further indicating the period of employment intended, be treated as meaning employment for a term of one month.' *Baldwin v. W. U. Tel. Co.,* 93 Ga. 695. This rule of construction was first applied in *Magarahan v. Wright,* 83 Ga. 773, 779, from the decision in which case the section of the Code above cited [now Code Ann. § 66-101] was framed." Id. at 189, 190.

Applying Code Ann. § 66-101 as explained by *Odom v. Bush,* supra, and the cases cited therein to the instant case, we find that appellant's allegations that she was employed by appellee for an indefinite period at a fixed monthly wage, sets forth a "legally binding contract for one month's employment at the agreed wage," breach of which prior to the end of the first month is actionable.

Accordingly, since a cause of action is stated and there is a

genuine issue of material fact as to whether there was a contract of employment, the trial court erred in granting appellee summary judgment.

*Judgment reversed. McMurray, P. J., and Pope, J., concur.*

DECIDED SEPTEMBER 29, 1981.

*Macklyn A. Smith, Sr.,* for appellant.
*W. E. Zachary,* for appellee.