68478, 68823. CASWELL v. PELHAM (two cases).
(323 SE2d 247)

Sognier, Judge.

Wynn Pelham, assignee of R. G. Jordan, filed two suits against Jerry Caswell for delinquent monthly installment payments due under a written contract between Caswell and Jordan. Caswell ap-

peals from the trial court's grant of Pelham's motions for summary judgment as to the July, August, and September 1983 delinquent payments (Case No. 68478) and the October, November, December 1983 and January 1984 delinquent payments (Case No. 68823).

We affirm. Appellant admitted executing the subject contract binding appellant to pay Jordan $1,350 a month for 26 months beginning March 1983, in exchange for various actions taken by Jordan. Appellant does not controvert that these payments were delinquent under the contract and he raised no defenses involving the performance of the contract against appellee. Therefore, the trial court properly granted appellee's motions for summary judgment. See *Laurens County &c. Ctr. v. Ernest Jones & Assoc.*, 168 Ga. App. 705 (2) (310 SE2d 282) (1983). Appellant's attempt to create a question of fact surrounding the assignment of the contract from Jordan to appellee is meritless, since appellant did not allege any harm from that assignment and the record shows that appellant received full credit from appellee for all payments made to either Jordan or appellee under the contract.

Although we find no merit in appellant's enumeration of error, we cannot conclude that the appeal was totally frivolous or solely for purposes of delay. Accordingly, appellee's motion for the assessment of penalties under OCGA § 5-6-6 is denied.

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED OCTOBER 5, 1984.

*Tom Pye*, for appellant.
*Wynn Pelham, pro se.*