69066. TALIAFERRO v. S & A RESTAURANT CORPORATION.

(323 SE2d 271)

DEEN, Presiding Judge.

Alonzo Taliaferro brought suit against S & A Corp. alleging the corporation breached his one-year employment contract. The trial court found that two letters executed by the parties constituted an employment contract which did not specify the length of employment, that the contract was terminable at the will of the employer, and granted appellee's motion for summary judgment. Taliaferro appeals. *Held*:

The undisputed facts show that in December 1977, appellant responded to appellee's job advertisement in a local newspaper. He was hired as a cook in one of appellee's "Steak and Ale" restaurants in February 1978, after interviewing for a management position. Approximately one month later he quit and filed a complaint with the Equal Employment Opportunity Commission alleging racial discrimination. The dispute was settled and appellant was rehired in the management training program. Appellee's regional manager executed a letter explaining the terms of employment and composed a letter signed by appellant accepting the offer of employment.[1] Taliaferro worked as a

---

[1]                                                              June 14, 1978

Dear Alonzo,

We would like to confirm with you a start date of July 17, 1978, in the Atlanta region as Manager Trainee with a beginning salary of $1,000.00 per month or $12,000.00 yearly. This will be received bimonthly, based on a base salary of $800.00 per month or $400.00 every two weeks and a guarantee of $200.00 at the end of each month.

Alonzo, also, to cover any back wages owed to you since the time you left your position as Cook/Kitchen Manager, we will consider you on our management payroll effective June 15, 1978.

                                                              Sincerely,
                                                              Wally Doolin, Regional Manager

Walley Doolin,

I hereby accept and agree to terms and conditions that follow:

management trainee for the next seven months. In January 1979, he was placed on probation and terminated one month later.

Appellant contends that the salary stipulation of $12,000 per year in the letters gives rise to the presumption that the hiring was for a period of one year under OCGA § 34-7-1 (Code Ann. § 66-101).

The construction of a contract is a question of law for the court. OCGA § 13-2-1 (Code Ann. § 20-701). The court in *Farm Supply Co. of Albany v. Cook*, 116 Ga. App. 814, 816 (159 SE2d 128) (1967), construed this code section and held, "It does not follow that merely because there are two possible interpretations which might be employed in construing a contract the matter automatically becomes a question for the jury. If that were true the court would rarely, if ever, construe a contract as Code § 20-701 [OCGA § 13-2-1] declares its duty to be. The role and function of a court is higher than that of a mere referee." Accord *Holcomb v. Word*, 239 Ga. 847, 848 (238 SE2d 915) (1977).

We agree with the trial court that the terms of the letters are clear and unambiguous and that they do not establish a definite term of employment between the parties. The employment agreement between the parties established an at will relationship pursuant to OCGA § 34-7-1 (Code Ann. § 66-101) and was "[a]n indefinite hiring [that] may be terminated at will by either party." Moreover, in his deposition appellant admitted he was never promised he would be hired for a certain period of time and that he could be terminated at any time.

*Judgment affirmed. McMurray, C. J., and Sognier, J., concur.*

DECIDED OCTOBER 16, 1984.

*Alvin T. Wong*, for appellant.
*Randy C. Gepp. Les A. Schneider*, for appellee.

---

Employment into Steak and Ale's Management Program as Manager Trainee, will begin July 17, 1978, in the Atlanta Region at a salary of $12,000.00 per year.

However, in settlement of termination pay for my employment with Steak and Ale previously as a unit employee, I will be paid management wages, $1,000.00 per month/$12,000.00 per year effective June 15, 1978. This will relieve Steak and Ale of all responsibility for past employment and wages.

Signed:
Alonzo Taliaferro