70583. FORTENBERRY v. HAVERTY FURNITURE COMPANIES, INC.
(335 SE2d 460)

SOGNIER, Judge.

Haverty Furniture Companies, Inc. (Haverty) brought this suit on an open account against Thomas E. Fortenberry. Fortenberry filed an answer and counterclaim admitting his indebtedness but claiming a set-off and additional damages for wrongful termination from his employment with Haverty. The trial court granted Haverty's motion

for summary judgment on its complaint and Fortenberry's counter-claim and denied Fortenberry's motion for partial summary judgment. Fortenberry appeals.

1. Appellant contends the trial court's order granting appellee's motion for summary judgment and denying his motion for partial summary judgment was erroneous because it was based on an incorrect finding that appellant's employment with appellee was terminable at will.

It is well settled that in this state "[a]n indefinite hiring may be terminated at will by either party, with or without cause, and there is no cause of action against an employer for an alleged wrongful termination. [Cits.]" *Meeks v. Pfizer, Inc.*, 166 Ga. App. 815, 816 (305 SE2d 497) (1983). Appellant contends that he was not employed by appellee for an indefinite period but rather had a contract with appellee for one year. In support of this argument appellant relies solely on a written agreement which contains no indication of its duration but sets forth certain terms of appellant's compensation including an annual base pay amount. Appellant argues that the stipulation as to his annual pay raises a presumption that the contract was for a year's duration citing OCGA § 34-7-1. However, the reference to appellant's annual salary in the written agreement merely established the total amount of his salary during a 12-month period and did not establish a pay period requiring application of the presumption under OCGA § 34-7-1. *American Standard v. Jessee*, 150 Ga. App. 663, 665 (258 SE2d 240) (1979). Rather, the agreement upon which appellant relies specifically provided for a wage payable at a stipulated bi-weekly period. While this arguably raises the presumption of a contract for a two-week period, see *Floyd v. Lamar Ferrell Chevrolet*, 159 Ga. App. 756 (285 SE2d 218) (1981), this issue was not raised by appellant and is not before us.

Thus, because there is no question of fact that appellant's contract of employment was for an indefinite period, terminable at the will of either party, appellant has no cause of action for wrongful termination and the trial court did not err by granting appellee's motion for summary judgment and denying appellant's motion for partial summary judgment. *Taliaferro v. S & A Restaurant Corp.*, 172 Ga. App. 399 (323 SE2d 271) (1984); *American Standard*, supra.

2. Because of our holding in Division 1, we need not address appellant's remaining enumeration of error.

3. Appellee's motion for the assessment of penalties under OCGA § 5-6-6 is denied because we cannot conclude that the appeal was totally frivolous or solely for purposes of delay. *Caswell v. Pelham*, 172 Ga. App. 317, 318 (323 SE2d 247) (1984).

*Judgment affirmed. Birdsong, P. J., and Carley, J., concur.*

362

Decided September 13, 1985 —
Rehearing denied October 8, 1985 — 

Thomas E. Fortenberry, pro se.
E. Kendrick Smith, for appellee.