73235. HICKMAN DATSUN, INC. v. FOSTER.
(351 SE2d 678)

McMURRAY, Presiding Judge.

On April 18, 1983, plaintiff, R. C. Foster, brought suit against Hickman Datsun, Inc. and John Jordan, Hickman Datsun's General Manager and Vice-President. It was alleged that plaintiff was employed by Hickman Datsun, Inc. as its used car manager and that defendants breached his employment contract when they terminated his employment on April 4, 1983. It was also alleged that defendants tortiously interfered with plaintiff's employment contract and that they tortiously interfered with a contract between plaintiff and the late James F. Hickman in which Hickman granted plaintiff an option to buy up to 49% of the stock issued by JFH Holding Company, a Georgia corporation (pursuant to the option contract, plaintiff was entitled to exercise his option only if he was employed by Hickman Datsun, Inc.).

Defendants answered the complaint and denied the material allegations set forth therein. Thereafter, defendants moved for partial summary judgment. Hickman Datsun, Inc.'s motion for partial summary judgment motion was denied. John Jordan's summary judgment motion was denied in part and granted in part. The trial court ruled that Jordan was entitled to summary judgment upon the breach of employment contract claim and the interference with employment contract claim since he was merely acting on behalf of the employer, Hickman Datsun, Inc. This left the remaining claim (interference with option contract) against Jordan, and the claims against Hickman Datsun, Inc. for trial.

Upon the close of plaintiff's case, defendants sought the grant of a directed verdict in their favor. The motion was denied and defendants presented their case. At the close of all the evidence defendants again moved for a directed verdict and again their motion was denied.

The jury returned a verdict in favor of plaintiff "in the amount of $21,000, against Hickman Datsun only." Judgment was entered upon the verdict and Hickman Datsun, Inc. moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The motion was denied and Hickman Datsun, Inc. appealed. *Held*:

1. "It is well settled that in this state '(a)n indefinite hiring may be terminated at will by either party, with or without cause, and there is no cause of action against an employer for an alleged wrongful termination. (Cits.)' *Meeks v. Pfizer, Inc.*, 166 Ga. App. 815, 816 (305 SE2d 497)." *Fortenberry v. Haverty Furn. Co.*, 176 Ga. App. 360, 361 (1) (335 SE2d 460). See also *Taliaferro v. S & A Restaurant Corp.*, 172 Ga. App. 399 (323 SE2d 271). In the case sub judice, plaintiff's contract of employment was for an indefinite period, terminable at the will of either party. No indication of the duration of the contract is set forth therein. It follows that plaintiff has no cause of action for wrongful termination of the employment contract and that the trial court erred in failing to take the employment contract issues away from the jury.

2. With regard to the interference with the option contract claim, we take notice of the fact that the option contract could not be enforced by plaintiff because his employment with Hickman Datsun, Inc. was terminated. *Lowe v. Royal Crown Cola Co.*, 132 Ga. App. 37, 41 (2) (207 SE2d 620). We also observe that the jury's verdict in favor of John Jordan upon the option contract claim was necessarily a finding of no liability on the part of Hickman Datsun, Inc. upon that claim. A general verdict must be construed in light of the pleadings, the issues made by the evidence and the charge of the court. *Price v. Ga. Indus. Realty Co.*, 132 Ga. App. 107, 108-109 (207 SE2d 556). If John Jordan, the agent who terminated plaintiff's employment, did not interfere with the option contract, it cannot be said that Hickman Datsun, Inc., Jordan's employer, interfered with the option contract. See generally *Conley v. Troncalli Motor Co.*, 150 Ga. App. 723, 724 (2) (258 SE2d 533).

*Judgment reversed. Carley and Pope, JJ., concur.*

DECIDED NOVEMBER 21, 1986 —
REHEARING DENIED DECEMBER 9, 1986 — ▮

*William P. Tinkler, Jr.*, for appellant.
*George P. Graves*, for appellee.