A91A0791. BURTON v. JOHN THURMOND CONSTRUCTION
COMPANY, INC.
(410 SE2d 137)

ANDREWS, Judge.

Burton sued John Thurmond Construction Company, Inc. (the Company) for the alleged breach of a written employment contract employing him as general manager for the Company. At the close of Burton's case, the trial court granted the Company's motion for a directed verdict. Burton appeals, claiming the trial court erroneously determined that the contract contained no definite term of employment and was terminable at will.

The contract provided that: "I, JOHN P. THURMOND, President of John Thurmond Construction Company, Inc. employed D. FRANKLIN BURTON as General Manager on January 1, 1987 to manage John Thurmond Construction Company Inc. at a salary of $2,000.00 per month for the first six (6) months. At that time salary is to be increased to $3,000.00 per month for the next six months, at which time we will re-evaluate and make new decision regarding salary." The contract also provided that Burton would be entitled to one week of vacation after being with the Company for six months, and two weeks of vacation after one year with the Company.

After being employed for less than six months, the Company terminated Burton with one month of severance pay. Burton brought this action for breach of contract claiming the employment contract provided he was hired for a term of not less than one year. The Company defended, in part, by claiming the contract did not contain a term of employment, and was terminable at will. In granting the Company's motion for a directed verdict, the trial court found the evidence demanded a verdict for the Company because the contract did not specify a definite term of employment, and was terminable at will.

An employment contract containing no definite term of employment is terminable at the will of either party, and will not support a cause of action against the employer for wrongful termination. *For-*

*tenberry v. Haverty Furniture Cos.*, 176 Ga. App. 360, 361 (335 SE2d 460) (1985); *Floyd v. Lamar Ferrell Chevrolet*, 159 Ga. App. 756, 757 (285 SE2d 218) (1981). "If a contract of employment provides that wages are payable at a stipulated period, the presumption shall arise that the hiring is for such period, provided that, if anything else in the contract indicates that the hiring was for a longer term, the mere reservation of wages for a lesser time will not control. An indefinite hiring may be terminated at will by either party." OCGA § 34-7-1.

The present contract provides for payment of a fixed salary per month. Under OCGA § 34-7-1, this creates a presumption that Burton was hired for the term of one month, after which the employment became terminable at the will of either party. *Floyd*, supra at 757. There is nothing in the contract indicating Burton was hired for a longer term. The provision for a monthly salary of $2,000 for six months and $3,000 for the next six months does not establish a pay period of longer than one month and raise the presumption of a longer term under OCGA § 34-7-1, nor is it a reference to a definite term of employment longer than one month. Rather, it refers to an agreed upon change in Burton's monthly salary at predetermined intervals, and establishes his total salary for one year. See *Fortenberry*, supra at 361. The provision for two weeks vacation at the end of one year with the Company, likewise, does not establish a term of employment.

The construction of a contract, unambiguous on its face, is a matter of law for the court, even though a party to the contract contends it should be construed differently. OCGA § 13-2-1; *Gatins v. NCR Corp.*, 180 Ga. App. 595, 596 (349 SE2d 818) (1986); *Taliaferro v. S & A Restaurant Corp.*, 172 Ga. App. 399, 400 (323 SE2d 271) (1984). The contract at issue was unambiguous and contained no provision setting forth a definite term of employment. Although Burton testified it was his impression, based on conversations prior to signing and on the written contract itself, that he was to be employed for one year, this parole evidence, even though admitted without objection, was ineffective to vary or add to the terms of the contract. *Kellos v. Parker-Sharpe, Inc.*, 245 Ga. 130, 132 (263 SE2d 138) (1980); *Cleghorn v. Shields*, 165 Ga. 362 (141 SE 55) (1927); *Hill Aircraft & Leasing Corp. v. Planes Inc.*, 158 Ga. App. 151, 153 (279 SE2d 250) (1981).

Considering the evidence and all reasonable deductions therefrom, we find the trial court correctly determined that there was no conflict in the evidence as to any material issue, and that the evidence introduced demanded a verdict be directed in favor of the Company. OCGA § 9-11-50 (a); *Johnson v. Dallas Glass Co.*, 183 Ga. App. 584, 585 (359 SE2d 448) (1987).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 3, 1991.

Steven H. Ballard, for appellant.
Troutman, Sanders, Lockerman & Ashmore, Mark S. Vanderbroek, Steven J. Whitehead, for appellee.