## A98A1097. TECHWERKS, INC. v. RETAIL TECHNOLOGIES CORPORATION.

### (509 SE2d 84)

MCMURRAY, Presiding Judge.

In 1989, Techwerks, Inc. ("Techwerks") entered into an asset purchase agreement with Retail Technologies Corporation ("RTC"), providing RTC with a computer software product for retail to certain businesses. This agreement provides Techwerks with a security interest in the software and, in § 1.04 (b), requires RTC to pay Techwerks "a specified percentage of the gross revenues derived from the licensing, sale or rental of the Software for a period of ten (10) years. . . ." When RTC allegedly stopped paying under this subsection, Techwerks sued RTC for breach of contract and petitioned for a writ of possession to seize the software. RTC filed defensive pleadings and a counterclaim for money had and received, alleging it overpaid Techwerks $46,591.86 in royalties under § 1.04 (b) of the asset purchase agreement. RTC also sought a declaration of its royalty payment obligation under § 1.04 (b) of the asset purchase agreement.

Upon opposing motions for summary judgment, Techwerks claimed that § 1.04 (b) requires RTC to pay royalties on all revenue — including money RTC generates for providing computer hardware and services to its customers. RTC claimed that, although it mistakenly overpaid Techwerks during certain periods, its payment obligation under § 1.04 (b) "extends to revenue only from licensing, sale or rental of the . . . software program." The trial court agreed with RTC and partially granted summary judgment in favor of RTC. The trial court denied Techwerks' motion for summary judgment and entered, in pertinent part, the following order: "The Court finds that the agreement between the parties is what Section 1.04 (b) states, 'gross revenue derived from licensing, sales, or rental of the software' and nothing more. Had the parties intended to include all 'gross revenues' associated with the . . . software program they would have so indicated in the contract. They did not. Instead they modified 'gross revenue' to limit it to revenue derived from licensing, sales, or rental of software."

Techwerks filed this appeal after entry of the trial court's summary judgment order. *Held*:

Techwerks contends the trial court erred in granting RTC's motion for summary judgment and denying its motion for summary judgment, arguing that use of the word "derived" in § 1.04 (b) of the asset purchase agreement and "the subsequent two years of payments made by [RTC] clearly establish that [Techwerks] and [RTC] intended the [royalty] revenue pool to include all revenue attributable in any way to the . . . software program." (Emphasis supplied in Techwerks' brief.) We do not agree.

It is well established that where the terms of a written contract are clear and unambiguous, the court must look to the contract to find the intention of the parties — not to matters outside the contract. *Choice Hotels Intl. v. Ocmulgee Fields*, 222 Ga. App. 185, 186 (1) (474 SE2d 56). See *Copy Systems of Savannah v. Page*, 197 Ga. App. 435, 436 (398 SE2d 784). It is also well established that a contract should be construed by examining the entire agreement, not by speculating about isolated words, clauses or provisions thereof. *Duffett v. E & W Properties*, 208 Ga. App. 484, 486 (2) (430 SE2d 858). Further, "[t]he construction of a contract, unambiguous on its face, is a matter of law for the court, even though a party to the contract contends it should be construed differently. OCGA § 13-2-1; *Gatins v. NCR Corp.*, 180 Ga. App. 595, 596 (349 SE2d 818) (1986); *Taliaferro v. S & A Restaurant Corp.*, 172 Ga. App. 399, 400 (323 SE2d 271) (1984)." *Burton v. John Thurmond Constr. Co.*, 201 Ga. App. 10, 11 (410 SE2d 137).

In the case sub judice, the trial court properly adhered to the above maxims by disregarding RTC's alleged overpayment to Techwerks and by examining the asset purchase agreement in full context. We examine § 1.04 (b) under the same standards and find no duplicity, indistinctness, or uncertainty of meaning or expression. See *Tarbutton v. Duggan*, 45 Ga. App. 31 (5) (163 SE 298). Absent such obscurity, we affirm the trial court's declaration that § 1.04 (b) defines RTC's royalty payment obligation as specified percentages of " 'gross revenue derived from licensing, sales, or rental of the software' and nothing more." As the trial court reasoned, "Had the parties intended to include all 'gross revenues' associated with the . . . software program they would have so indicated in the contract."

The trial court did not err in partially granting summary judgment in favor of RTC and denying Techwerks' motion for summary judgment.

*Judgment affirmed. Blackburn and Eldridge, JJ., concur.*

DECIDED NOVEMBER 6, 1998.

*Michael S. Welsh*, for appellant.
*Cochran, Camp & Snipes, David M. Williams*, for appellee.