A02A0002. HANNE v. MISSISSIPPI MANAGEMENT, INC.
(564 SE2d 557)

ANDREWS, Presiding Judge.

After Robert Hanne was terminated from his employment with Mississippi Management, Inc. (MMI) after five months, he sued claiming MMI breached an agreement to employ him for a term of two years. Hanne appeals from the trial court's order granting MMI's motion for summary judgment and holding there was no agreement for a definite term of employment and that Hanne's employment was terminable at the will of either party. We find no error and affirm.

Hanne's contention is based on a letter agreement between the parties which set out various terms of his employment. One term deals with the possible award of a bonus to Hanne. "After employment here for two years, on April 20, 2000, you will receive a $4,000

---

[1] (Emphasis supplied.) *Vasser v. State*, 273 Ga. 747, 749 (3) (545 SE2d 906) (2001).

bonus for staying with us. If you leave for any reason before that time, whether it is your choice or not, you will not be eligible to receive this bonus." Elsewhere the agreement states that MMI will pay Hanne's moving expenses, but that Hanne would be required to reimburse MMI a prorated amount of the paid expenses if he did not remain employed for at least two years.

> This agreement is based on your working at least two years at [MMI]. If, for example, you leave on your own accord after 6 months and your total moving expenses were $4,000, you will owe us a prorated amount of $3,000. Your signature below authorizes us to deduct any amounts owed to us from your paycheck should you leave of your own accord before two years.

Contrary to Hanne's contention, none of these references in the agreement to a period of two years establishes a two-year term of employment. Rather, they unambiguously refer to eligibility for a bonus and responsibility for payment of certain expenses.

Construction of the unambiguous provisions of the agreement was a matter of law for the trial court. OCGA § 13-2-1. The trial court did not err in concluding that the agreement did not provide for a two-year term or any other definite term of employment. *Burton v. John Thurmond Constr. Co.*, 201 Ga. App. 10, 11 (410 SE2d 137) (1991). "An employment contract containing no definite term of employment is terminable at the will of either party, and will not support a cause of action against the employer for wrongful termination." Id. at 10. The trial court correctly granted summary judgment in favor of MMI.

*Judgment affirmed. Phipps and Mikell, JJ., concur.*

DECIDED APRIL 22, 2002.

*Patrick C. Kaufman*, for appellant.
*James A. Bishop, Jr.*, for appellee.