## A06A0446. TAYLOR v. CALVARY BAPTIST TEMPLE et al.

(630 SE2d 604)

Adams, Judge.

David Taylor brought suit against Calvary Baptist Temple d/b/a Calvary Baptist Day School and its principal Joe Hulsey alleging breach of his employment contract, tortious interference with business relations, and slander. His claims arise out of termination of his employment with the school. The trial court granted summary judgment in favor of the school. Because Taylor has failed to present evidence to support each element of his claims, we affirm.

In April 2003, Taylor entered into an employment contract with Calvary for the upcoming school year as an 11th-grade English teacher. Pursuant to the contract terms requiring three weeks notice, Calvary terminated Taylor on November 25, 2003 with an effective date of December 19, 2003.

Three weeks prior to his termination, Taylor had begun the second of a multi-part series of instruction, in which the second part was an SAT review unit for 11th-grade students. After Taylor's dismissal, several students asked him to continue teaching the course. Taylor said he would, and he began by offering a free session so that, in his own words, "they would see what it's like to take a course outside of school." He later e-mailed the students who came to the first class and told them the cost, but no one came to any subsequent classes. Taylor claims students declined to come to his class because of statements school officials made about him.

Finally, Taylor claims that school officials slandered him to a potential employer, Savannah Technical College, and to students and parents at Calvary.

1. The trial court properly granted summary judgment to the defendants on Taylor's claim of breach of contract. The contract specifically provides that all employees are hired "At Will," and that "[s]hould employment be terminated prior to the end of the school year, the termination pay will be prorated on the number of days worked. . . ." It also provides that he may be terminated on three weeks notice. Taylor's claim that the term "at will" is ambiguous because it is not defined in the agreement is without merit. The terms of the contract unambiguously create an at-will agreement, and therefore the school was authorized to terminate him with or without cause. See *Fortenberry v. Haverty Furniture Cos.*, 176 Ga. App. 360, 361 (1) (335 SE2d 460) (1985).

Taylor argues that by operation of OCGA § 34-7-1, his contract had a one-year term. That Code section states, "If a contract of employment provides that wages are payable at a stipulated period, the presumption shall arise that the hiring is for such period. . . ." The

contract provides that although there are 187 working days, "[e]mployment is based upon a twelve month's pay system. Employees will be paid the yearly salary agreed upon in twelve equal monthly payments. . . ." But in this case, the statement only refers to the "pay system," and any presumption is rebutted by the very next sentence of the contract, which states, "Should employment be terminated prior to the end of the school year, the termination pay will be prorated on the number of days worked. . . ." *Fortenberry*, 176 Ga. App. at 361 (1) ("written agreement merely established the total amount of his salary during a 12-month period and did not establish a pay period requiring application of the presumption").

"Where no matter of fact is involved, the construction of a plain and definite contract, if needed, is a matter of law for the court." *Lay Bros., Inc. v. Golden Pantry Food Stores*, 273 Ga. App. 870, 872 (616 SE2d 160) (2005). The trial court correctly granted summary judgment on this claim.

2. Taylor claims that the defendants tortiously interfered with his private SAT course. To support such a claim, Taylor must prove that by acting improperly and without privilege, purposely with malice and the intent to injure, the defendants induced a third party or parties not to enter into or continue a business relationship with the plaintiff that thereby caused financial injury. *Cox v. City of Atlanta*, 266 Ga. App. 329, 332 (1) (596 SE2d 785) (2004). The trial court found that Taylor had failed to put forth evidence to support any of the four elements. We may affirm if evidence to support any one essential element is missing. *Atwood v. Southeast Bedding Co.*, 236 Ga. App. 116, 117 (3) (511 SE2d 232) (1999).

With regard to the first element of the claim, Taylor must provide evidence to show that the defendants were third parties to the alleged business relationship, that is, that they were intermeddlers acting improperly and without privilege. *Cox*, 266 Ga. App. at 332-333. See also *Renden, Inc. v. Liberty Real Estate Ltd. Partnership III*, 213 Ga. App. 333, 336 (2) (b) (444 SE2d 814) (1994) ("The tortfeasor must be a 'stranger' to the business relationship."). On this element, there is no factual issue even though Taylor's employment with Calvary had ended prior to the SAT course.

The SAT course began at the school while Taylor was still employed, and Calvary paid for the books for the course. Taylor taught the course as a part of his duties as a teacher under his contractual agreement with the school. And there is no evidence in the record to suggest that the course was not fully sanctioned and approved by the school. Whether Taylor has a claim turns on whether Calvary can be seen as a stranger to the business relationship. In *Disaster Svcs. v. ERC Partnership*, 228 Ga. App. 739, 741 (492 SE2d

526) (1997), the Court stated that the defendant must have a bona fide economic interest to not be a stranger to the relationship. Id.

Here, the students have an agreement with Calvary in that Calvary provides them educational services, illustrating Calvary's bona fide economic interest. Calvary further confirmed its "legitimate economic interest" when Calvary bought the books for the SAT course. Because of the interwoven nature of Calvary, the SAT course, and the students, Calvary was not a stranger to the relationship. *Atlanta Market Center Mgmt. Co. v. McLane*, 269 Ga. 604, 609-610 (503 SE2d 278) (1998) ("the defendant must be a stranger to both the contract and the business relationship giving rise to and underpinning the contract"; "all parties to an interwoven contractual agreement are not liable for tortious interference with any of the contracts or business relationships") (emphasis omitted). The school was not a third party in this situation and therefore was authorized to protect its interest in the school curriculum and property.

Because Taylor cannot establish the first of the four-part test for a claim of intentional interference with a business relationship, we need not address the remaining parts. The trial court did not err in granting summary judgment on this issue.

3. The trial court correctly granted summary judgment on Taylor's claim of slander. He claims that officials from the school made slanderous statements to students, parents and a potential employer, Savannah Technical College. But he has offered no evidence whatsoever that the defendants made any such statements to the college. He admits that he only inferred that the defendants spoke to the college and concedes that no one has told him that the defendants did so. This aspect of the claim fails outright.

A person slanders another when he is found to have done any of the following: (1) imputed to another a crime punishable by law; (2) charged a person with having some contagious disorder or with being guilty of some debasing act which may exclude him from society; (3) made charges against another in reference to his trade, office, or profession, calculated to injure him therein; or (4) uttered any disparaging words productive of special damage which flows naturally therefrom. OCGA § 51-5-4. Special damages are essential to support an action under element 4.

Taylor claims slander per se under paragraph (a) (1) of the statute — that Calvary slandered him by imputing to him the crimes of child molestation and contributing to the delinquency of a minor. For an oral statement to be slanderous as imputing a crime, it must give "the impression that the crime in question is being charged, couched in language as might reasonably be expected to convey that meaning to any one who happened to hear the utterance." *Bullock v.*

*Jeon*, 226 Ga. App. 875, 877 (487 SE2d 692) (1997), quoting *Anderson v. Fussell*, 75 Ga. App. 866, 869 (44 SE2d 694) (1947).

Taylor bases his claims that Calvary imputed crimes of child molestation and contributing to the delinquency of minors with affidavit evidence initially provided by Calvary. Taylor states that the following alleged statements imputed the crimes to Taylor: (1) telling a student to "be safe," (2) telling students Taylor's termination was "for a reason," and (3) advising students to not attend Taylor's SAT review course. Even if all of this were true, it does not constitute slander per se. As in *Bullock*, vague statements or even derogatory comments do not reach the point of becoming slander per se when a person cannot reasonably conclude from what is said that the comments are imputing a crime onto the plaintiff. Here, the alleged misdeeds by Calvary are basically innocuous and certainly do not lead a reasonable person to consider Taylor a child molester or one who contributes to a minor's delinquency. See *Parks v. Multimedia Technologies*, 239 Ga. App. 282, 293 (4) (520 SE2d 517) (1999) (upholding summary judgment because the words at issue did not charge the commission of a specific crime); *Burrow v. K-Mart Corp.*, 166 Ga. App. 284, 286 (1) (304 SE2d 460) (1983) ("where the plain import of the words spoken impute no criminal offense, they cannot have their meaning enlarged by innuendo").

Taylor cites *Cox Enterprises v. Nix*, 274 Ga. 801 (560 SE2d 650) (2002), because it held that the libelous nature of a defamatory statement is generally a question for the jury. But as in this case, that court looked at the construction an "average reader" would place on the statement and concluded that summary judgment for the defendant was appropriate. Id. at 803 (1). The case of *Hayes Microcomputer Products v. Franza*, 268 Ga. App. 340, 344 (1) (a) (601 SE2d 824) (2004), is also distinguishable. In that case this Court found that libel had occurred because the defendant not only stated the plaintiff was fired for cause but added that the plaintiff breached fiduciary duties. Because of the fiduciary duty statement, the court chose not to decide whether "for cause" was libelous in and of itself. Id. Therefore, this case does not help Taylor.

*Judgment affirmed. Blackburn, P. J., and Mikell, J., concur.*

DECIDED APRIL 21, 2006.

*Smart & Harris, Don Smart*, for appellant.
*Richard C. Metz, Charles D. Gatch*, for appellees.