**THIRD DIVISION**
**MCFADDEN, C. J.,**
**DOYLE, P. J., and HODGES, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
https://www.gaappeals.us/rules

*DEADLINES ARE NO LONGER TOLLED IN THIS COURT. ALL FILINGS MUST BE SUBMITTED WITHIN THE TIMES SET BY OUR COURT RULES.*

**October 20, 2020**

# In the Court of Appeals of Georgia

A20A1055. MATTHEWS v. MILLS.

HODGES, Judge.

Nilma S. Matthews and Olivia A. Mills are both ex-wives of the same man and have had a contentious relationship for years. Their current dispute arose when Mills reported to a sheriff's deputy that she witnessed Matthews at her child's school photographing her child. Matthews denied ever going to the child's school and sued Mills for slander and libel as a result of Mills' report. The trial court granted summary judgment to Mills on Matthews' claims and awarded Mills $33,000 in attorney fees pursuant to OCGA § 9-15-14 (a) and (b). Matthews now appeals, contending that both the grant of summary judgment and the award of sanctions was in error. For the reasons below, we affirm the grant of summary judgment, but vacate the award of attorney fees and remand the case with direction.

To obtain summary judgment,

> the moving party must demonstrate that there is no genuine issue of material fact and that the undisputed facts, viewed in the light most favorable to the nonmoving party, warrant judgment as a matter of law. A defendant may do this by showing the court that the documents, affidavits, depositions and other evidence in the record reveal that there is no evidence sufficient to create a jury issue on at least one essential element of plaintiff's case. If the moving party discharges this burden, the nonmoving party cannot rest on its pleadings, but rather must point to specific evidence giving rise to a triable issue.

(Citation and punctuation omitted.) *Gettner v. Fitzgerald*, 297 Ga. App. 258, 258-259 (677 SE2d 149) (2009).

So viewed, the evidence shows that, on February 8, 2018, Mills reported to a Carroll County Sheriff's Deputy that she saw Matthews at her child's school that morning photographing her child. She further told him that she thought she also saw Matthews at the child's school a week prior. As a result, the deputy issued a report which said the following:

> Mills reported that Nilma Matthews was also married to her ex-husband, Thomas Andrew Matthews. Mills advised that Thomas and Nilma are going through court proceedings and that Nilma is harassing her. She reported that Nilma's attorney has sent her letters requesting her financial information and that Nilma was at her child's school . . . taking

2

photographs of her and her children. I advised Mills I would file this report and contact Matthews on her behalf and let Matthews know that she did not want her to contact her anymore. On 2/8/18 I spoke with Matthews on the phone and advised her of this report and that Mills did not want her to contact her anymore. Matthews denied being at the school and said she was not following Mills. I filed this report and advised Mills if she had any further issues, she could follow up in Magistrate Court for a good behavior bond or warrant hearing.

Following this contact by the sheriff's deputy, Matthews sought a warrant against Mills for reporting a false crime and sued Mills for libel and slander. Matthews filed her lawsuit in an attempt to establish that she had not done what Mills accused her of, and because she wanted Mills to leave her alone and was afraid Mills would take further actions against her.

Mills moved for summary judgment as well as for sanctions pursuant to OCGA § 9-15-14 (a) and (b). Following a hearing at which Mills' counsel testified as to his fees, including the reasonableness of his rate and the necessity of the work performed, the trial court granted both motions and awarded Mills the full amount of fees she requested – $33,000 – pursuant to both subsections of OCGA § 9-15-14. Matthews now appeals.

1. Matthews contends that the trial court erred in granting summary judgment to Mills because it failed to review the facts in the light most favorable to Matthews and it ignored factual disputes. We disagree.

Matthews is correct about the standard the trial court and this Court must apply in reviewing a motion for summary judgment. See *Gettner*, 297 Ga. App. at 258-259. Matthews brought two defamation claims – libel and slander – so we will analyze those separately. See *Swanson Towing & Recovery v. Wrecker 1, Inc.*, 342 Ga. App. 6, 10 (2) (802 SE2d 300) (2017) ("Both libel and slander constitute defamation."); *Aiken v. May*, 73 Ga. App. 502, 503 (37 SE2d 225) (1946) (defining slander "as an oral defamation.").

*(a) Libel*

"A libel is a false and malicious defamation of another, *expressed in print, writing, pictures, or signs*, tending to injure the reputation of the person and exposing him to public hatred, contempt, or ridicule . . . [and] [t]he publication of the libelous matter is essential to recovery." (Emphasis supplied.) OCGA § 51-5-1 (a), (b). Moreover, to recover, a plaintiff must prove that the defendant had control over the content of the offending writing. See *Mullinax v. Miller*, 242 Ga. App. 811, 814 (2) (531 SE2d 390) (2000) (finding no liability for campaign manager that provided

4

information to a candidate which she used in a flyer because he did not control the offending verbiage of the writing which was the basis of plaintiff's lawsuit).

Here, Matthews does not even attempt to argue in her brief how her libel claim satisfies the element of requiring a writing of some kind. Indeed, she admitted in her deposition that she had never seen a written statement by Mills with this accusation. The only relevant writing is the police report drafted by the sheriff's deputy. There is no evidence in the record that Mills played any role in, or had any control over, the drafting or content of the report. Accordingly, the trial court did not err in granting Mills summary judgment on Matthews' libel claim.

*(b) Slander*

Georgia law provides that

[s]lander or oral defamation consists in: (1) [i]mputing to another a crime punishable by law; (2) [c]harging a person with having some contagious disorder or with being guilty of some debasing act which may exclude him from society; (3) [m]aking charges against another in reference to his trade, office, or profession, calculated to injure him therein; or (4) [u]ttering any disparaging words productive of special damage which flows naturally therefrom.

OCGA § 51-5-4 (a).

Matthews does not argue that she suffered any special damages, so what is at issue here is whether the report made by Mills to the sheriff's deputy consisted of imputing a crime to Matthews. To rise to the level of slander per se,

> the words at issue must charge the commission of a specific crime punishable by law. Where the plain import of the words spoken impute no criminal offense, they cannot have their meaning enlarged by innuendo. Indeed, the statement must give the impression that the crime is actually being charged against the individual and couched in language as might reasonably be expected to convey such meaning to a hearer of the statement; a vague statement or even a derogatory one does not amount to slander per se when a person cannot reasonably conclude from what is said that the comments are imputing a crime to the plaintiff.

(Citation omitted.) *Swanson Towing & Recovery*, 342 Ga. App. at 11 (2) (a). The words must be

> recognized as injurious on their face—without the aid of extrinsic proof. Should extrinsic facts be necessary to establish the defamatory character of the words, the words may constitute slander, but they do not constitute slander per se. Thus, the court may not hunt for a strained construction in order to hold the words used as being defamatory as a matter of law, and the negative inference a hearer might take from the words does not subject the speaker to liability for slander per se.

6

(Citation omitted.) *Cottrell v. Smith*, 299 Ga. 517, 523 (II) (A) (788 SE2d 772) (2016).

Matthews contends that Mills' statement to the deputy imputed to her the crimes of stalking and harassment. Georgia law defines the crime of stalking as follows:

> A person commits the offense of stalking when he or she follows, places under surveillance, or contacts another person at or about a place or places without the consent of the other person for the purpose of harassing and intimidating the other person. . . . the term "contact" shall mean any communication including without being limited to communication in person, by telephone, by mail, by broadcast, by computer, by computer network, or by any other electronic device; and the place or places that contact by telephone, mail, broadcast, computer, computer network, or any other electronic device is deemed to occur shall be the place or places where such communication is received. For the purpose of this article, the term "place or places" shall include any public or private property occupied by the victim other than the residence of the defendant. For the purposes of this article, the term "harassing and intimidating" means a knowing and willful course of conduct directed at a specific person which causes emotional distress by placing such person in reasonable fear for such person's safety or the safety of a member of his or her immediate family, by establishing a pattern of harassing and intimidating behavior, and which serves no

legitimate purpose. This Code section shall not be construed to require that an overt threat of death or bodily injury has been made.

OCGA § 16-5-90 (a) (1). As for harassment, Georgia law defines the crime of harassing communications as follows:

(a) A person commits the offense of harassing communications if such person:

(1) Contacts another person repeatedly via telecommunication, e-mail, text messaging, or any other form of electronic communication for the purpose of harassing, molesting, threatening, or intimidating such person or the family of such person;

(2) Threatens bodily harm via telecommunication, e-mail, text messaging, or any other form of electronic communication;

(3) Telephones another person and intentionally fails to hang up or disengage the connection; or

(4) Knowingly permits any device used for telecommunication, e-mail, text messaging, or any other form of electronic communication under such person's control to be used for any purpose prohibited by this subsection.

OCGA § 16-11-39.1 (1).

The report made by Mills to the deputy, even if it included the word "harassing," does not constitute imputing the crimes of stalking or harassing communications to Matthews. Mills indicated that Matthews was seeking discovery of financial information from Mills for a lawsuit, and was at Mills' child's school on possibly two occasions to photograph the child. Indeed, even Matthews testified that she did not construe Mills' report as accusing Matthews of committing a crime; instead, Matthews testified that the statement was harmful to her because she was afraid Mills would take her accusations further, she filed the lawsuit because she wanted to clear up that she did not do what Mills accused her of doing, and that she hoped her lawsuit would have the effect of causing Mills to leave her alone.[1] The conduct which Mills accused Matthews of does not rise to the level of criminal behavior, and thus Mills' accusation is not slanderous per se. See *Swanson Towing & Recovery*, 342 Ga. App. at 11 (2) (a) ("Here, the defendants' statements characterizing the plaintiffs as without morals and as 'mean, vulgar, demeaning crooks' do not allege a specific crime. Instead, they constitute expressions of opinion, which are not actionable.") (punctuation omitted); *Taylor v. Calvary Baptist Temple*,

---

[1] Nonetheless, Matthews attempted to have Mills arrested for false reporting of a crime.

279 Ga. App. 71, 74 (3) (630 SE2d 604) (2006) ("Taylor states that the following alleged statements imputed the crimes [of child molestation and contributing to the delinquency of a minor] to Taylor: (1) telling a student to 'be safe,' (2) telling students Taylor's termination was 'for a reason,' and (3) advising students to not attend Taylor's SAT review course. . . . Here, the alleged misdeeds by Calvary are basically innocuous and certainly do not lead a reasonable person to consider Taylor a child molester or one who contributes to a minor's delinquency."); *Dagel v. Lemcke*, 245 Ga. App. 243, 244 (1) (a) (537 SE2d 694) (2000) ("The statement that the action reported by WXIA 'smacks of illegality' does not, standing alone, impute the commission of any specific crime to Dagel."); *Parks v. Multimedia Technologies, Inc.*, 239 Ga. App. 282, 293 (4) (520 SE2d 517) (1999) (defendant deposed that he said "'something to the effect' that [plaintiff] 'was acting illegally in regards to the corporation that he was an officer and a director in'" but, "[e]ven though [defendant] may have used the term 'illegal,' his words did not accuse [plaintiff] of committing any crime punishable by law."); *Tetrault v. Shelton*, 179 Ga. App. 746, 748 (2) (347 SE2d 636) (1986) ("That Mrs. Tetrault may also have merely inquired of the agent whether [plaintiff removing shelves and throwing contents on the floor] was such 'alleged damaged property' as might be covered by her insurance did not impute the

10

commission of a crime by Mrs. Shelton.") (emphasis omitted); *Morrison v. Hayes*, 176 Ga. App. 128, 129 (1) (335 SE2d 596) (1985) ("The allegation that Morrison 'damaged' Hayes' property does not, as a matter of law impute a crime punishable by law.").

Matthews failed to establish that Mills imputed a crime to her, and thus she has failed as a matter of law to establish that Mills' statements were slanderous per se. The trial court did not err in granting summary judgment on this claim. Accordingly, we need not address the parties' arguments concerning whether Mills' statements were privileged as made in good faith pursuant to OCGA § 51-5-7 despite the acrimonious history between these two women.

2. Matthews also contends that the trial court erred in sanctioning her with attorney fees pursuant to OCGA § 9-15-14. The trial court order awarding fees is inadequate to permit meaningful review because it does not identify any relevant sanctionable conduct on the part of Mills upon which the award could be based. Thus, we vacate the order and remand that portion of the case with direction.

"Generally, an award of attorney fees is not available in Georgia unless authorized by statute or contract." (Citation omitted.) *Ware v. American Recovery*

*Solution Svcs.*, 324 Ga. App. 187, 193 (3) (749 SE2d 775) (2013). OCGA § 9-15-14

is such a statute which permits the recovery of attorney fees, and provides:

(a) In any civil action in any court of record of this state, reasonable and necessary attorney's fees and expenses of litigation *shall be awarded* to any party against whom another party *has asserted a claim, defense, or other position with respect to which there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim, defense, or other position*. Attorney's fees and expenses so awarded shall be assessed against the party asserting such claim, defense, or other position, or against that party's attorney, or against both in such manner as is just.

(b) The court *may assess* reasonable and necessary attorney's fees and expenses of litigation in any civil action in any court of record if, upon the motion of any party or the court itself, it finds that an attorney or party brought or defended an action, or any part thereof, that *lacked substantial justification or that the action, or any part thereof, was interposed for delay or harassment, or if it finds that an attorney or party unnecessarily expanded the proceeding by other improper conduct*, including, but not limited to, abuses of discovery procedures available under Chapter 11 of this title, the "Georgia Civil Practice Act." As used in this Code section, "lacked substantial justification" means substantially frivolous, substantially groundless, or substantially vexatious.

(Emphasis supplied.) OCGA § 9-15-14.

"The purpose of these statutory subsections is twofold: to both punish and deter litigation abuses and to recompense litigants who are forced to expend resources in contending with abusive litigation." *Hindu Temple & Community Center of High Desert, Inc. v. Raghunathan*, 311 Ga. App. 109, 118 (3) (714 SE2d 628). Prevailing on summary disposition of a plaintiff's claims "does not mandate an award of attorney fees." (Citation omitted.) (1999) *Shoenthal v. Dekalb County Employees Retirement System Pension Bd.*, 343 Ga. App. 27, 30 (805 SE2d 650) (2017). However, neither does "merely pursuing a course of litigation in good faith [ ] automatically insulate a plaintiff from a claim for litigation costs and attorney fees[.]" *Brown v. Kinser*, 218 Ga. App. 385, 387 (2) (461 SE2d 564) (1995).

"It is well settled that an order granting attorney fees under OCGA § 9-15-14 must contain express findings of fact and conclusions of law as to the statutory basis for any such award and the conduct which would authorize the award." (Citation and punctuation omitted.) *McClure v. McCurry*, 329 Ga. App. 342, 343-344 (2) (765 SE2d 30) (2014).

> To permit meaningful appellate review of an award of fees and
> expenses, the trial court's order cannot be too vague and conclusory,

13

such as where it fails to cite examples of conduct that authorize the award. The trial court need not cite specific testimony, argument of counsel, or any other specific factual reference in its order awarding fees under OCGA § 9-15-14; it is only required to specify the conduct upon which the award is made.

(Citations and punctuation omitted.) *Cohen v. Rogers*, 341 Ga. App. 146, 152 (2) (b) (798 SE2d 701) (2017).

Here, the trial court's order on Mills' motion for sanctions provided, in relevant part, as follows:

As is discussed in the order on [Mills'] motion for summary judgment, there was no factual or legal basis for [Matthews] to allege a cause of action for libel against [Mills]. Further, the oral statement that [Mills] made to [the sheriff's deputy] was a one-time event, and [Mills] took no action in Magistrate Court against [Matthews] although [Matthews] did try to have [Mills] arrested . . . [The sheriff's deputy] also took no action against [Matthews] other than he "spoke with Matthews on the phone and advised her of this report and that Mills did not want her to contact her anymore", and then "filed this report." [Matthews] was never questioned or arrested by any officer. [Mills] also argues that her statement to [the sheriff's deputy] was privileged under OCGA § 51-5-7, which the [trial court] accepted in the order granting [Mills'] motion for summary judgment.

14

Considering the record, the [trial court] finds that as to [Matthews'] suit, "there existed such a complete absence of any justiciable issue of law or fact that it could not be reasonably believed that a court would accept the asserted claim", OCGA § 9-15-14 (a). That being the case, attorney's fees and expenses "shall be awarded", which language deprives the [trial court] of discretion.

OCGA § 9-15-14 (b) also provides that "the court may assess reasonable and necessary attorney's fees and expenses of litigation . . . if . . . [the trial court] finds that [a] party brought . . . an action, or any part thereof, that lacked substantial justification . . . As used in this Code section, 'lacked substantial justification' means substantially frivolous, substantially groundless, or substantially vexatious." [Matthews'] lawsuit meets the above test, and although subsection (b) uses the word "may" instead of "shall", the [trial court] finds that an award of attorney's fees and expenses of litigation incurred by [Mills] is appropriate and should be assessed." (Footnote omitted).

With regard to Matthews' libel claim, in its order on the motion for summary judgment, the trial court found that "[b]ecause [Mills] did not make or publish any written statement in this event, the portion of [Matthews'] complaint alleging a cause of action for libel cannot be sustained." The trial court then awarded Mills the full amount of attorney fees she requested – $33,000 – which covered the defense of the lawsuit since its inception.

15

Because the trial court awarded Mills fees for the defense of the entire lawsuit, the trial court implicitly found that Matthews' sanctionable conduct began when the lawsuit was filed. The trial court's order, by incorporating its summary judgment order, adequately identified the conduct it found sanctionable with regard to Matthews' libel claim – bringing a libel claim despite the non-existence of the quintessential element of a written statement by Mills. This does not end our inquiry, however, because "[t]he trial court must limit the fees award to those fees incurred because of the sanctionable conduct." (Citation omitted.) *Cook v. Campbell-Cook*, 349 Ga. App. 325, 329 (2) (826 SE2d 155) (2019). Here, the trial court did not limit fees solely to those incurred defending the libel claim, and it expressly found Matthews' conduct in bringing the slander claim to be sanctionable as well.

With regard to Matthews' slander claim, most of the facts identified in the trial court's order fail to relate to the appropriate legal question in determining whether Matthews' conduct was sanctionable under subsection (a) or (b). The fact that Mills made only one report to the deputy is inconsequential to whether Matthews engaged in frivolous litigation, because a single report has the ability to be slanderous per se. Further, it is of no import to this analysis how the deputy responded to Mills' report. Had Mills made an allegation that was slanderous per se, she would not have been

16

relieved from liability by the deputy's failure to arrest Matthews, nor would liability on Mills be imposed if the deputy wrongfully arrested Matthews in the absence of an allegation of criminal behavior. In other words, the actions of the deputy do not bear on the legal question of whether Matthews engaged in sanctionable conduct in bringing and pursuing her lawsuit. Moreover, as we have determined that Mills' statement was not slanderous per se as a matter of law, the trial court need not consider the issue of privilege in analyzing Matthews' motion for sanctions. This Court cannot affirm an award of attorney fees pursuant to OCGA § 9-15-14 when the trial court relies on irrelevant facts in making its award of sanctions. See *Gibson Law Firm, LLC v. Miller Built Homes, Inc.*, 327 Ga. App. 688, 690-691 (2) (761 SE2d 95) (2014).

When the legally irrelevant facts identified by the trial court are stripped away, essentially what is left is a recitation of the standards for fees pursuant to both subsections of OCGA § 9-15-14. This is insufficient to support an award of attorney fees. *Razavi v. Merchant*, 330 Ga. App. 407, 409 (1) (b) (765 SE2d 479) (2014) ("As a basis for awarding fees, the trial court's order in this case states only that 'the count set forth in Razavi's complaint alleging quantum meruit lacked substantial justification.' The trial court did not include in its order any factual finding(s) that

17

underlay that conclusion. This conclusion is insufficient to support the award of fees under OCGA § 9–15–14 (b). Accordingly, the award must be vacated and the case remanded for the trial court to enter a judgment containing findings of fact and conclusions of law as to the statutory basis for the award, if any, and the conduct for which it is authorized.") (citations and punctuation omitted); *Note Purchase Co. of Ga. v. Brenda Lee Strickland Realty, Inc*., 288 Ga. App. 594, 595 (1) (654 SE2d 393) (2007) ("As a basis for awarding fees, the trial court's order in the case at bar states only that 'the above-styled lawsuit lacks substantial justification.' This finding is insufficient to support the award of fees under OCGA § 9-15-14.") (citation and punctuation omitted).

In sum, we affirm the trial court's grant of summary judgment to Mills. We vacate its award of attorney fees to Mills and remand that portion of this case. "Upon remand the [trial] court is directed to reconsider the award of attorney fees and expenses of litigation under OCGA § 9-15-14, enter appropriate [and relevant] findings of fact [and conclusions of law], and enter a new judgment from which the losing party may appeal." (Citation and punctuation omitted.) *La Petite Academy v. Prescott*, 234 Ga. App. 32, 34-35 (2) (506 SE2d 183) (1998).

*Judgment affirmed in part, vacated in part, and case remanded with direction.*

*McFadden, C. J., and Doyle, P. J., concur.*